| 8 | 87 |
| 15 | 289 |

## Boston and Colorado Smelting Co. v. Pless.

Where the evidence is conflicting as to what a contract was, and what was done under it, so contradictory that to decide in favor of either party the witnesses on the other side must be disbelieved, this court will not disturb the verdict.

*Appeal from District Court of Park County.*

The case is stated in the opinion.

Mr. C. A. Wilkin and Mr. R. D. Thompson, for appellant.

Mr. G. R. Gwynn and Messrs. Stuart Brothers, for appellee.

Stone, J. Appellee sued to recover damages for breach of an alleged verbal contract with appellant, under which appellee claimed that he was to have the privilege for three months to "sort and search for matte and other valuable silver and gold-bearing materials around the old and abandoned furnaces and slag dumps" of appellant at Alma, for which he was to have ninety per cent. of the assay value thereof, less the freight to the Argo Smelting Works, and the customary price for treating such material at said smelting works.   The breach assigned is that, after working under the contract about two months, the appellant refused to allow appellee to further continue working, and prevented him from so doing, and refused to pay him for a certain lot of material already sorted, and refused to tell him of the assay value thereof or to let him have said material; that the estimated value thereof was $1,458, and that the said privilege, according to the terms of the contract, was worth to him for the remainder of said term $1,000; wherefore he prays judgment for $2,458, etc., etc.

Appellant, by answer, denied the contract *in toto* as set out in the complaint, and averred that, by the terms of the contract, the appellee was to have ninety per cent. of the assay value of all "merchantable slag" which he should find and sort out, and that for all matte and mineral-bearing material other than slag he should be paid a just and fair bonus or reward.

Appellant further averred that, according to said contract, it paid to appellee ninety per cent. of all slag sorted and delivered, and a fair and just reward for all matte and other materials than slag, and settled with appellee for the same up to the end of about two months from

the commencement of the work, when appellant alleges that it discovered that appellee was mixing valuable matte with the slag and thereby defrauding appellant, whereupon it discharged appellee from his employment under said contract, and paid him in full of all his just demands to that date.

Upon trial to a jury there was a verdict for appellee of $412.50, which verdict, upon motion of appellant, was set aside by the court and a new trial awarded. At the second trial, which was had nearly a year afterwards, there was a verdict for appellee in the sum of $900. Motion for new trial was denied, upon appellee agreeing to remit one-half of the amount of said verdict, and judgment was entered for $450, from which this appeal is prosecuted.

We think there is but one question to be considered on this appeal, namely, does the evidence warrant the verdict of the jury, and ought the judgment, as entered, to stand thereon?

It would serve no useful purpose to set forth and review in this decision all the evidence in the case, notwithstanding the very able and ingenious arguments and briefs of counsel, for appellant, filed herein. Suffice it to say that the evidence is conflicting, the testimony of witnesses contradictory as to what the contract was and what had been done under it; so contradictory that, to decide in favor of either party, the witnesses on the other side must be disbelieved. In our view of the evidence, we think the jury would have been warranted in finding and returning a verdict for the appellant.

They, however, chose to find for the appellee, and since they were the judges of the credibility of the witnesses and the weight of the evidence, we cannot say that their verdict was unwarranted, unless we can say that there was no evidence in support of the verdict, and that the judgment has nothing to stand on, or that their verdict is so contrary to the weight of evidence as to indicate

that they were influenced by passion or prejudice or improper motives, or that they misconceived the effect of material evidence. We do not feel justified in saying that the jury, in this case, were controlled by any or either of these causes, and considering that two jury trials have resulted in a verdict for appellee, the last one being more than double the first, there is little or nothing upon which to predicate a supposition that a third trial would result differently or more satisfactory to the litigants, or less unjustly in the eye of the law. There being testimony in support of the claim of appellee in the case, contradictory and contradicted though it was, if the jury chose, as they had a right, to believe it, and to disbelieve the evidence on behalf of appellant, or give it less weight, we can only, in accordance with the well settled rule in such cases, let the judgment stand, and must therefore affirm it.

*Affirmed.*