### BRAND v. MERRITT ET AL.

1. REAL-ESTATE BROKERS — ACTION FOR COMMISSIONS.— In an action for services rendered by real-estate brokers in procuring a purchaser for defendant's land, where there were no written pleadings in the trial court, and no testimony of any definite contract, evidence of the value of the services, based on the price for which the land sold, was properly admitted, and a judgment entered upon that basis was proper.

2. DEFENSE OF PRIOR SALE BY ANOTHER AGENT.— Where it is claimed in such action that the property had been sold by another agent prior to the negotiation of the sale by plaintiffs, and the evidence upon that point is somewhat conflicting, a finding that no such sale was made will not be disturbed, although upon the evidence the court might have reached a different conclusion, especially as defendant testified that he gave plaintiffs no notice of the pending sale, and permitted them to continue their efforts in his behalf.

*Error to Superior Court of Denver.*

Mr. L. S. SMITH, for plaintiff in error.

Mr. A. L. DOWD, for defendants in error.

BISSELL, C. Merritt & Grommon brought this suit in 1886 against George Brand, to recover a sum of money which they alleged to be due them for services rendered in the procurement of a purchaser for certain property which Brand had placed in their hands for sale.

The case was tried without a jury in the superior court, to which it went on the appeal taken by them, and resulted in a judgment in favor of the plaintiffs for the sum of $125, to which the defendant excepted, and in regard to which he alleges error.

There are not many questions raised and discussed by counsel for plaintiff in error, although everything of importance is considered in his brief. The errors on which he relies may be properly grouped in three divisions.

It is contended that the judgment cannot be maintained because it was rendered upon the basis of the value of the services rendered by the plaintiffs, computed upon the price for which the property was sold. It is said that as plaintiffs sued for a specific sum, and sought to recover upon a definite contract, they were limited to a recovery upon the contract as they averred it, and were debarred any relief upon the basis of the value of the services rendered. This contention might possibly be true, were it apparent from either the abstract or the record that the plaintiffs had declared upon a specific contract which they had failed to prove, or the evidence established the existence of such a contract. The trouble, however, is that there were no written pleadings in the justice's court, where the case originated, and none were filed in the superior court, where it was subsequently tried. It is therefore impossible to determine whether the suit was brought upon any such hypothesis or whether the plaintiffs should be held entitled to recover only upon due proof of it. The record itself is equally barren of testimony establishing a contract upon which the plaintiffs could recover, unless they made proof of the value of their services as rendered. Under these circumstances, the evidence as to the value was properly admitted, and judgment upon that basis properly entered by the court.

The plaintiff in error likewise contends, by several errors assigned, that, in a suit by real-estate brokers to recover commissions earned by the procurement of a purchaser to whom the property is not ultimately sold, they are bound

to make proof that the customer which they produced was
both able and willing to take the property and pay the price
put upon it by the owner, and to carry out a contract
which, in terms, conforms to the conditions affixed by the
owner when he put the property in their hands.    The prin-
ciple contended for is accurately stated by counsel, and it
has been universally held to be true that such proof is ab-
solutely indispensable to the broker's recovery of commis-
sions.    The accuracy of the statement does not determine
its application to the case in hand.    The evidence upon this
proposition is not as full and satisfactory as it is ordinarily
made in cases of this description.    This is due perhaps to
the suggestions of the court that further evidence upon the
subject need not be produced.    There was, however, enough
testimony given upon this subject to warrant the court in
reaching the conclusion at which he arrived.    It is probably
true that it was not offered in the form usually observed in
giving testimony of this description, but no objection was
taken to the method of its offer; nor upon the conclusion
of the plaintiffs' case was a specific objection taken that
they had failed sufficiently to prove this essential fact.    In
the absence of objections which properly raise a question
of this sort, the findings of the court upon such a proposi-
tion of fact will not be disturbed.

The only other error which has been urged is that the
case shows that the property had been sold by another
agent prior to the time of the negotiation of the sale by the
plaintiffs.    It is contended that this fact debars the plaint-
iffs' recovery, upon the principle that where property is
placed in the hands of several brokers for sale, to the knowl-
edge of them all, any one of the brokers assumes the risk
of having his claim to compensation defeated by a sale made
by another broker before he procures a purchaser.    It is
wholly unnecessary to determine the accuracy of this legal
proposition, for the court has found, as a matter of fact,
that no such sale was made prior to the time the plaintiffs
found a purchaser ready, able and willing to purchase upon
the specified terms, and notified the owner.    The evidence

upon this proposition is somewhat conflicting, and it is not easy to determine from the evidence produced the exact dates and times of the sales by the contending brokers. Upon the evidence, it would have been possible for the court to reach a different conclusion from that expressed in his judgment. The record, however, justifies the finding which he made. It has support in the equitable circumstances apparent in the case. According to the owner's evidence, the sale which he contends defeats the brokers' right to recover depended solely upon the purchaser's conclusions concerning the title. Notwithstanding this fact, he gave the plaintiffs no notice whatever of the pending sale, and permitted them to continue their efforts in his behalf. They were thus fully justified in believing the agency still to exist, and the owner will be held to the full responsibility of its continuance, unless he be able to demonstrate satisfactorily that the sale, which in law is to be held to terminate it, was in fact consummated before the brokers found a purchaser and earned the commission. Under these circumstances the finding will not be disturbed. It is an universal rule in this court that the judgment of a *nisi prius* tribunal will never be disturbed from any considerations of mere preponderance of testimony, and wherever there is evidence enough in the case to justify the judgment rendered it will be sustained, unless it is so manifestly against the weight of the testimony as to indicate prejudice or gross error. *Ralph v. Weary,* 7 Colo. 217; *Smelting Co. v. P'less,* 8 Colo. 87; *Jackson v. Allen,* 4 Colo. 263; *Sieber v. Frink,* 7 Colo. 148.

There being no error manifest in the record, the judgment should be affirmed.

Richmond and Reed, CC., concur.

Per Curiam. For the reasons stated in the foregoing opinion the judgment below is affirmed.

*Affirmed.*