No. 20812.

CHARLES E. BENNETT *v*. ACCOUNTS, INC.
(395 P.2d 225)

Decided September 14, 1964.

Mr. Louis J. Boggio, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

Mr. Justice Frantz delivered the opinion of the Court.

Accounts, Inc., sued Mr. Bennett on an assigned account for labor and materials furnished in repairing the transmissions of two Cadillac automobiles. Mr. Bennett counterclaimed for damages for alleged defective work. After trial, the lower court entered judgment in favor of Accounts, Inc., on its claim and dismissed the counterclaim.

Error in one respect only is urged as ground for reversal. Mr. Bennett asserts "that the court erred in granting a judgment to the plaintiff and dismissing the defendant's counterclaim on the theory that the defendant's evidence does not overcome the prima facie case."

Such asserted error limits the scope of our inquiry. We need only ascertain whether evidence was presented to the trial court sufficient to warrant the entry of the judgment. As the trier of the facts, it was the trial court's sole function to determine in whose favor the preponderating credible evidence lay. *Merkowitz v. Mahoney,* 121 Colo. 38, 215 P.2d 317.

As a court of review, we are charged with the duty of considering that testimony which is most favorable to the sustention of the judgment. If, in the performance of this duty, it appears to us that the record

contains substantial evidence in support of the judgment, we are obliged to affirm. *Bohe v. Scott,* 83 Colo. 374, 265 Pac. 694. In whose favor the evidence preponderates is not ours to determine, so long as the judgment is not so manifestly against the weight of the evidence as to indicate prejudice or gross error. *Brand v. Merritt,* 15 Colo. 286, 25 Pac. 175.

In the application of these rules we would not be justified in upsetting the dispositions which the trial court made of claim and counterclaim. From our reading of the record we cannot say that the trial court adjudged improperly.

The judgment is affirmed.