No. 21389.

STANLEY R. ORTH *v.* CARL F. BAUER.
(429 P.2d 279)

Decided June 19, 1967.

DILTS & HANCOCK, ROBERT R. WILSON, for plaintiffs in error.

MARVIN PING, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

THIS litigation involves an automobile accident. On submission of the issues to the jury, a verdict was returned for defendant Bauer. Orth urges the following grounds as error:

(1) That the evidence showed the defendant was negligent as a matter of law;

(2) There was no evidence of contributory negligence by plaintiff Orth;

(3) The evidence showed conclusively that plaintiff's injuries were the result of the collision;

(4) The court erroneously refused to admit into evidence the official certified copy of the accident report;

(5) It was error to refuse plaintiff's tendered instruction No. 4;

(6) It was error to refuse plaintiff's tendered instruction No. 5;

(7) It was error to instruct on contributory negligence since there was no evidence whatsoever of contributory negligence; and,

(8) The court's order allowing depositions to be taken in Denver and Pueblo was prejudicial to the plaintiff who was indigent.

The record discloses that the accident occurred on Highway 145 between Nucla and Stoner, Colorado, on a portion of that mountain road which is quite narrow and slightly curved with a traveled portion some 15 to 16 feet wide. The visibility was limited due to falling snow and the dirt road was soft and slushy from an earlier snow. As Orth's truck approached the curve on the upper

hillside of the highway, he saw, at a distance of 150 to 200 yards away, the approaching Bauer car. He then pulled to the right edge of the road traveling slowly. He further slowed his vehicle by braking lightly and continued on prepared to brake more fully if necessary. Bauer and his wife, approaching from the opposite direction at about 20 m.p.h., pulled to the right — he testified as far as he could go. However, as Bauer rounded the curve, he saw a small rockslide on the shoulder of the roadway on his side. He thereupon turned his wheels slightly to the left after passing the cab of Orth's truck, believing at the time that he had cleared the truck. At this time the impact occurred. Following the collision the front end of Bauer's vehicle was about a foot to a foot and a half over the later measured center of the roadway. Both parties testified that they had known that passing each other would be close if accomplished at all. The plaintiff testified, for example, "When we got close to the point of impact, I just grit my teeth and held real tight to the steering wheel. * * * I knew it would be close." And yet he also testified that he did not try to stop or slow down further after his initial slowing.

From the above recited events, and from the balance of the record, which shows conflicting evidence on a number of issues, we find there is sufficient evidence to uphold the jury's verdict in favor of the defendant as to the issues of negligence and contributory negligence. Thus, Orth's first two grounds of error are without merit, and his third ground is then immaterial. See *Lasnetske v. Parres*, 148 Colo. 71, 365 P.2d 250 (1961).

Orth's fourth point for reversal is that it was error to refuse to admit a properly certified copy of the police accident report. He claims that C.R.S. '53, 52-1-16 (now C.R.S. 1963, 52-1-16) renders such reports admissible. The trial court, however, correctly held to the contrary. The cited statute has to do with the authentication of official state documents and not with com-

petency or relevance of the documents themselves. As to the former there is no issue here. As to the latter we held in *Michael v. John Hancock Mutual Life Insurance Co.*, 138 Colo. 450, 456, 334 P.2d 1090 (1959) that reports which contain numerous statements of hearsay and conclusions on the part of officers compiling them were not granted a preferred status by C.R.S. '53, 52-1-16. There we said:

"* * * It is not specific in requiring the admission of findings, adjudications and conclusions and thus it is nothing more than a codification of the common law exception to the hearsay rule in favor of official records. It does not, therefore, authorize the reception in evidence of every report of an investigation regardless of its hearsay character and of whether it contains conclusions and adjudications. We conclude that the report and findings, together with the affidavits, were not admissible and that their hearsay character was not improved by giving them the status of 'official records.' "

We hold, therefore, that the word "fact" contained in C.R.S. '53, 52-1-16 refers to facts within the knowledge of the reporting officer or agent and cannot refer to hearsay statements or conclusions of others, such as those sought to be admitted here. See also *Gencarella v. Fyfe*, 171 F.2d 419 (1st Cir. 1948) and *Derrick v. Blazers*, 355 Mich. 176, 93 N.W.2d 909 (1959).

Plaintiff in error next contends, however, that even if it is held that the hearsay and conclusion portions of the report are inadmissible, these portions should have been blocked out as requested and those portions of the report based upon personal knowledge of the officer admitted. He has relied on *Gencarella, supra,* both in the trial court and here. That case held it to be error to exclude a portion of the report made from the personal knowledge of the officer. There, however, the officer was present and the court specifically stated that the opposing party must be given the opportunity to cross-examine him as to those portions of the report which

were admissible due to his personal knowledge. Here the officer was not present, defendant Bauer was not given the opportunity to cross-examine him and the entire report was, therefore, properly excluded. The applicable rule in cases of this kind, in the absence of a statute to the contrary, is that "official documents" to be admissible in evidence must first be tested by common law principles of testimonial competency. For it is obvious that the mere writing down of hearsay does not remove the bar to its admission.

Plaintiff in error urges as his fifth point of error that the trial court improperly refused to instruct the jury that a violation of C.R.S. '53, 13-4-39 (now C.R.S. 1963, 13-5-38), was negligence per se. That statute provides:

"Drivers of vehicles proceeding in opposite directions shall pass each other to the right, and upon roadways having width for not more than one line of traffic in each direction, each driver shall give to the other at least one-half of the main traveled portion of the roadway as nearly as possible."

The court, in instruction No. 11 instructed the jury in the exact wording of the statute, though it did not tell it that violation of the act was negligence per se. We have heretofore considered this statute in *Parrish v. Smith*, 102 Colo. 250, 78 P.2d 629 (1938), and held that it was not error to refuse an instruction as requested here in similar circumstances. In that case the road involved was one undergoing construction, and we said:

"* * * One half of such traveled portion is exacted of each traveler, if it is possible to be given; if not, then as *nearly as possible*. There is an unmistakable inference that a situation might arise in which a strict compliance with these statutory requirements would be impossible. The reasonable provisions are indicated for roadways, and of course no fixed application thereof could be made to parts of a road under construction, where changing conditions would not permit orderly travel under established rules. An ordinarily prudent traveler, with any

warning at all, in approaching such a place, is bound to know that all rules of the road are suspended, and upon entering such an area be prepared — for his own safety and that of others — to submit to, and be governed by, conditions as he finds them. In such circumstances he cannot rely upon written traffic rules."

██ We hold that the rule in *Parrish, supra,* applies equally as well to roads in the condition of the one in the case before us. Assuming that this collision occurred because Bauer had crossed the center of the narrow roadway *before* the impact, nevertheless, where the way was narrow and curving with snow, mud and a rockslide upon a portion of it, we cannot hold as a matter of law that it was negligence per se for his vehicle to be found partially upon the wrong side of the road after the accident. It was a jury question in such a situation. And, this is so even though our decisions in *Ankeny v. Talbot,* 126 Colo. 313, 250 P.2d 1019 (1952) and *Dottavio v. Lohr*, 122 Colo. 294, 222 P.2d 428 (1950) are urged upon us as being to the contrary. The rule propounded in those two cases, and relied on by the plaintiff in error here, to the effect that driving on the wrong side of the road is presumptive evidence of negligence, must be applied on a case by case basis and cannot apply to a fact situation such as was presented in *Parrish, supra,* nor to the facts now before us.

██ Plaintiff's requested instruction No. 5, the refusal of which he claims as his sixth point of error, reads as follows:

"You are instructed that in law if a party looks, but in such manner as to fail to see what must have been plainly visible, he looked without a reasonable degree of care, and such a look is of no more effect than if he had not looked at all."

He correctly cites several cases as setting forth this rule, such as *Clibon v. Wayman,* 137 Colo. 495, 327 P.2d 283 (1958) and others. The only difficulty with this position is that it does not apply to the facts of this case; it thus

has no merit. It would have been error for the court to have given such an instruction here when there was no evidence to support it. Cf., *Ferguson v. Hurford,* 132 Colo. 507, 290 P.2d 229 (1955); *Dobbs v. Sugioka,* 117 Colo. 218, 185 P.2d 784 (1947).

 Orth's seventh ground of error is also without merit, for there is evidence from which the jury could, and obviously did, conclude that he was at least contributorily negligent. This issue was raised in both the pleadings and by the evidence. Clearly the defendant was entitled to an instruction on this issue. *Newbury v. Vogel,* 151 Colo. 520, 379 P.2d 811 (1963); *Renell v. Argonaut Liquor Co.,* 148 Colo. 154, 365 P.2d 239 (1961).

 As for the court's refusal to allow travel and attorney expenses for the taking of depositions in Denver and Pueblo, there is also no merit. This was a matter solely within the discretion of the trial court, under R.C.P. Colo. 30(b). And see *Gibson v. International Freighting Corp.,* 173 F.2d 591 (3rd Cir. 1949). Here the trial court considered the matter at length and determined to its satisfaction that there was no evidence present of unnecessary inconvenience, expense, or hardship in permitting the taking of the depositions in Pueblo and Denver. No clear abuse of discretion has been shown and there is, therefore, no error.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE PRINGLE and MR. JUSTICE HODGES concur.