BRANCO EASTERN COMPANY, INC., FORMERLY ROYAL CHEMICAL COMPANY, A CORPORATION *v.* CARL LEFFLER, ALBERT LIND, MAURICE LEFFLER AND ROLAND KISSLER.

No. 22798.

CARL LEFFLER, ALBERT LIND, MAURICE LEFFLER AND ROLAND KISSLER *v.* STAUFFER CHEMICAL COMPANY, A CORPORATION.

(482 P.2d 364)

Decided February 1, 1971.     Rehearing denied March 8, 1971.

Tilly & Graves, James Tilly, for plaintiff in error Branco Eastern Company, Inc.

Miller and Ruyle, David J. Miller, Robert A. Ruyle, Walker D. Miller, for Carl Leffler, Albert Lind, Maurice Leffler and Roland Kissler.

Yegge, Hall, Treece & Evans, Raymond J. Connell, William D. Swenson, for defendant in error Stauffer Chemical Company.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

Two writs of error are herein consolidated. Carl Leffler, Albert Lind, Maurice Leffler, and Roland Kissler were plaintiffs below and will be referred to as they there appeared or by name. The defendant Royal Chem-

ical Company will be referred to as Royal and defendant Stauffer Chemical Company as Stauffer.

Royal is a distributor of a pre-emergent herbicide (weed killer) known as Eptam 6-E manufactured by Stauffer. Sixty-eight acres of the plaintiffs' farm were planted in pinto beans in June, 1964, shortly after the ground had been treated with the above chemical. The young plants died shortly after sprouting. The claim was for the crop loss.

Trial was to the court which entered judgment dismissing the claim as to Stauffer but holding defendant Royal liable in damages. Plaintiffs assign error to the judgment in favor of Stauffer. Royal in the consolidated writ of error seeks reversal of the judgment against it. We affirm the judgment of the court below as to the parties, but remand for elimination of interest allowed prior to the date of the judgment.

Albert Lind was a tenant on the farm owned by the Lefflers and Kissler. Desirous of controlling weeds in the acreage to be planted in pinto beans, Lind sought the expert advice of Melvin Bernhardt, a Royal Chemical District Supervisor. On the latter's advice, Lind entered into a contract to have Royal apply Eptam 6-E to the land. A "notice" (a disclaimer of warranty according to Stauffer) on the bottom of some literature describing Eptam was called to Bernhardt's attention, but he assured Lind that if anything happened — and nothing would — all damages would be paid.

The chemical was subsequently applied to plaintiffs' land by Royal's employees and with the use of its equipment. Pinto beans were planted, and in a few days were sprouting and "looking good." Soon thereafter they yellowed and began to die. A mushy rot starting from the outside of the root and working in could be observed.

Lind and others testified that Bernhardt had said upon being shown the damaged fields that Eptam had caused the damage and that too much moisture had overactivated the chemical. Bernhardt subsequently denied

making such statements. There were a substantial number of other disputed matters relating to the exposure of Eptam to moisture or outside elements, *e.g.*, Lind testified, contrary to Bernhardt, that he saw Eptam cases being taken from an unsealed box lying on a water truck.

According to Lind, Bernhardt advised him to disk the field, let it dry, and replant it again in beans. Subsequently some 38 acres were replanted, with the same symptoms and result as before. The estimated loss on these 38 acres was 70 per cent; and it was considered uneconomical to harvest the remainder. The remaining 18 acres were not dug up, but were watered more or less regularly, with an eventual harvest of some 18,000 pounds of beans — said to be far below normal. Watering was discontinued on the 38 acres following the failure of the second bean crop.

Plaintiffs' evidence to establish Eptam as the proximate cause of the loss was predicated upon the alleged statements of Melvin Bernhardt, on evidence that other fields in the area had been similarly damaged, and by use of an expert witness — Dr. Ralph Baker — a professor of Botany and Plant Pathology at Colorado State University. Dr. Baker testified that on the basis of his examination he could find no evidence of any conventional type of plant disease in the dying and dead bean plants. Further, while he could not be absolutely certain, the "most likely cause of the condition of the bean plants was some sort of toxin present in the soil." Dr. Baker further testified that he had seen similar damage caused by Eptam in other fields and in greenhouse experiments, when an overdose of the herbicide had been applied. He also stated that he reproduced the color found in the soil on the farm when he used three times the amount recommended to be used.

The trial court applied the doctrine of *res ipsa loquitur* and held there was a presumtion of negligence against the defendants. Stauffer offered evidence through eight witnesses to establish — to the satisfaction of the court

— that Eptam is not injurious to beans if applied according to directions. Royal did not offer any evidence. The court held Stauffer had overcome the presumption of any negligence on its part, but that Royal had not. The court also held that both defendants had warranted the Eptam to the plaintiffs, but that only defendant Royal would be held liable for breach of warranties in the absence of clear and/or convincing evidence that the chemical, if used as directed, could or would cause damage.

I.

Royal contends, first, that the conclusion of the trial court that a negligent application of the chemical by Royal was the proximate cause of the damage, was based only upon a possibility and upon speculation, and conjecture, and that such cannot be the basis of a judgment. "A resort to mere conjecture or possibilities will not take the place of direct or circumstancial evidence. No number of mere possibilities will establish a probability." *Denver and Rio Grande R.R. v. Thompson,* 65 Colo. 4, 169 P. 539. *See Mosko v. Walton,* 144 Colo. 602, 358 P.2d 49. We do not agree that this argument is applicable in this case.

■ The nature of the evidence varies as to the probability that a party caused a claimed loss. In an action such as this there is seldom, if ever, direct proof of proximate cause, the plaintiffs frequently being in a position of comparative ignorance insofar as the causative factors are involved. Circumstantial evidence is therefore an acknowledged basis for showing causation. *See Grey v. Hayes-Sammons Chemical Co.,* 310 F.2d 291; *Yormack v. Farmers Cooperative,* 11 N.J. Super. 416, 78 A.2d 421.

In ruling on the evidence adduced at trial, the court made the following relevant findings of fact:

"Plaintiffs established prima facie, and by a preponderance of the evidence, that the sole and proximate cause of said damage was said application of chemical or

product by Royal Chemical Company, said findings being based upon the following evidence, direct and circumstantial:

(a) Said damage occurred following said application and no other factors by the plaintiffs or otherwise intervened which would have caused the damage.

(b) Expert opinion, together with opinion of farmers, all of whom viewed said damage first hand, negatived the possibility of disease, wind, hail and other so called 'natural causes' as causative factors.

(c) Unusual and extensive damage which had never been experienced by lifelong farmers until said application.

(d) All other possible factors remain constant, except for said application.

(e) No other possible cause has been established.

(f) Testimony of four witnesses, although not disinterested, that Melvin Bernhardt, agent for defendant Royal Chemical Company, stated that the damage was chemical damage.

(g) Plaintiffs' fields were not shown to be unusually susceptible to the application of chemical by the fact that other farmers under same or similar circumstances in the same area, suffered same or similar damage to bean fields following application of chemical by the defendant Royal Chemical Company.

(h) Expert opinion by a qualified expert who viewed the damage first hand that said damage was caused by application of chemical.

(i) No other chemical was applied to the field in question except that applied by Royal Chemical Company, and none by the plaintiffs in particular.

(4) On basis of evidence presented in conjunction with the conclusions of law herein and legal presumptions, the said application was negligent and was the proximate cause of said damage."

Royal quite correctly points out that a great deal of the evidence presented at the trial, and upon

which the court relied in its findings of fact, was disputed and that many, if not all, of the ambiguities could have been just as easily resolved in favor of the defendants, and been equally supported by the evidence. It is axiomatic, however, that where there is sufficient evidence in the record to sustain the finding of the trial court, such findings will not be disturbed on review, even though it be possible for reasonable men to arrive at a different conclusion, based on the same facts.

"The credibility of the witnesses, the sufficiency, probative effect and weight of the evidence, the inferences and conclusions to be drawn therefrom, of necessity are all within the province of the trial court and will not be disturbed on review, unless manifestly erroneous or actuated by passion or prejudice." *Brenaman v. Willis,* 136 Colo. 53, 314 P.2d 691.

## II.

Both defendants (Royal and Stauffer) allege error in the application by the court of the doctrine of *res ipsa loquitur* to this case. They argue that the doctrine should not be allowed to apply where, on proof of the occurrence without more, the matter still rests on conjecture alone, or the damage can just as easily be attributable to other causes. *See Zimmerman v. Franzen,* 121 Colo. 574, 220 P.2d 344.

█ It may be inferred that harm suffered by the plaintiff is caused by the negligence of the defendant when:

1. "The event is the kind which ordinarily does not occur in the absence of negligence.

2. Other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence.

3. The indicated negligence is within the scope of the defendant's duty to the plaintiff." *Restatement of Torts,* 2d §328D. *and*

4. "The plaintiffs are free from any contributory neg-

ligence or other responsibilities." *Prosser, Law of Torts* (2d Ed.) §42, at 199.

The trial court found the presence of these elements in its findings of fact as follows:

"(5) Due to evidence of quality control, wide use of the product Eptam 6-E, and widespread use of chemicals in farm practices in general, said damage or accident should not have occurred without the negligence of the defendants.

(6) The said application was in the exclusive control of the defendant, Royal Chemical Company. The product contracted for, Eptam 6-E, was in the successive exclusive control of the defendant Stauffer Chemical Company and the defendant Royal Chemical Company.

(7) Plaintiffs themselves were free from contributory negligence, there being no evidence to suggest otherwise."

We have previously held that:

"[T]he sole question in a res ipsa loquitur case is: has the defendant overcome the prima facie case of negligence against him by establishing by evidence satisfactory to the jury [judge herein] that he was not negligent? "In determining the sole question * * * it is the province of the * * * [trier of fact] generally to consider the explanation factually and from the standpoint of credibility of the witnesses. * * * " *Weiss v. Axler,* 137 Colo. 544, 328 P.2d 88.

In determining whether the defendants in the instant case met this burden of going forward, the court below found that only the defendant Stauffer Chemical Company came forward with evidence to rebut the plaintiffs' case. It found the evidence sufficient to overcome the plaintiffs' prima facie case that Eptam 6-E caused the damage in question and that the preponderance of the evidence was that the product Eptam 6-E *per se* did not cause the damage; that it was not defective, injurious or failed in its normal use.

Again, an appellate court should not disturb on appeal

the lower court's findings of fact in the absence of clear error.

III.

■ Defendant Royal further alleges error in the trial court's finding that it was liable on the theory of breach of expressed and implied warranties. In view of the court's application of the doctrine of *res ipsa loquitur* and Royal's failure to assume its burden of going forward by explaining the failure of the crop upon any other cause than the treatment of the soil, the finding by the court on the warranty question is immaterial and non-prejudicial.

IV.

■ We next turn briefly to averment of error by the plaintiffs as to the judgment of the trial court in favor of defendant Stauffer. Several arguments made by the plaintiffs relate to the same findings of fact and evidence reviewed extensively above, and will not be repeated at this juncture. The principal argument of the plaintiffs is that the trial court erred in holding defendant Stauffer came forward with sufficient evidence to rebut the presumption of negligence against it. Here again is a fact question. We need only ascertain whether sufficient evidence was presented at the trial to warrant the entry of the judgment. *Bennett v. Accounts, Inc.,* 155 Colo. 461, 395 P.2d 225. Accordingly, we affirm the judgment in favor of defendant Stauffer Chemical Company.

■■ We also affirm the judgment in favor of the plaintiffs against defendant Royal Chemical, but it should be modified to eliminate the inclusion of a sum for interest. The court below calculated and allowed interest at the statutory rate from the date of the filing of the complaint. Under C.R.S. 1963, 41-2-1, interest from the date of the filing of the complaint is allowable on damages awarded in a *personal injury action.* In *Denver-Albuquerque Motor Transport, Inc. v. Galligan,* 145 Colo. 71, 358 P.2d 28, this court held that interest on judgment for damages such as in this case shall be computed

according to C.R.S. 1963, 73-1-2, from the date of the entry of the judgment. Accordingly, the cause is remanded to the trial court with instructions to vacate that portion of the judgment attributable to interest.

The judgment is modified and affirmed.