RAWLS, Judge.
Appellant Railroad appeals from an adverse judgment in favor of appellee McDaniel, and contends that the trial court erred in: 1. Directing a verdict as to the question of plaintiff’s contributory negligence; and 2. Refusing to give defendant’s requested instruction as to aggrava *16 tion and giving Florida Standard Jury Instruction 6.2, subd. b, 31 F.S.A.
Two accidents are involved in this case. Plaintiff McDaniel filed suit pursuant to the provisions of the Federal Employers’ Liability Act (FELA), 45 U.S.C.A. §§ 51-60, and the Boiler Inspection Act and Safety Appliance Act, 45 U.S.C.A. §§ 1-43. The Railroad denied the negligence alleged in the complaint and affirmatively alleged that plaintiff was guilty of contributory negligence as to his claim under the Federal Employers’ Liability Act. At the close of all the evidence the trial court directed a verdict in plaintiff’s favor as to the defense of contributory negligence.
On September 6, 1967, McDaniel, a veteran switchman, was assigned to a crew to uncouple three freight cars. A so-called “flying switch” was involved in the movement of the freight cars.[1] Two attempts to uncouple the cars to be switched failed. On the third attempt, the engine was able to “run away” from the cars uncoupled which were accidentally cut onto the wrong siding, resulting in the “cut cars” colliding with other cars on the sidetrack. As a consequence of the collision, McDaniel fell from the top of the car he was riding and was injured.
The second accident occurred on July 31, 1968. On that occasion the grab iron, attached to the locomotive which plaintiff was attempting to board, broke loose resulting in further injuries to plaintiff.
Appellant argues strenuously that the same standards of negligence and causal relationships applicable to support a claim of railroad liability under the Federal Employers’ Liability Act apply in the consideration of the employee-plaintiff’s contributory negligence. In suppport of this argument, in its brief appellant propounds the question: “What evidence is considered ‘sufficient’ to suppport a recovery against the railroad under the FELA?”, and proceeds to the conclusion that only a “slight” showing of contributory negligence must be adduced in order to make the same a jury issue. In short, appellant argues that since the decisions construing the liability of the railroad in FELA cases require minimal proof of actionable negligence on the part of the employer, a like standard must be utilized in evaluating evidence of contributory negligence on the part of the injured employee.
In a legion of cases this jurisdiction has held that the question of contributory negligence is normally one that should be resolved by a jury under the proper instructions. However, there must be some proof by the defendant of negligence on the part of the plaintiff to support a charge of contributory negligence. Evidence of contributory negligence is somewhat analogous to the euphuism “a little bit pregnant.” Either there is evidence of some negligence on the part of the injured party which contributed to the accident, or such is not adduced. A review of this record fails to disclose any evidentiary basis for such a charge, thus the trial judge was eminently correct in refusing to give same.
Appellant next contends that the trial court misled the jury on the question of damages by giving Standard Jury Instruction 6.2, subd. b which deals with the subject of aggravation of pre-existing injury. In its brief, appellant acknowledges that the jury instruction, which was adopted from the case of C. F. Hamblen, Inc. v. Owens, 127 Fla. 91, 172 So. 694 (1937), is the Florida law; however, it contends that *17 pursuant to the holding in Florida East Coast Railway Company v. Pollack, 154 So.2d 346 (Fla.DCA 3d, 1963), “No state statute, law or other enactment can enlarge or contract the operation of the act and the rights and obligations arising thereunder.” Appellant, citing Shupe v. New York Central System, 339 F.2d 998 (7th Cir. 1965), - concludes that plaintiff’s damages were limited to those which he could prove were proximately caused by defendant’s negligence. We do not agree. We hold that the instruction fairly states the applicable, law not only of this jurisdiction but the construction of the FELA by federal authorities. Butler v. New York Central R. Co., 253 F.2d 281 (7th Cir. 1958); and Florida East Coast Railway Co. v. McKinney, 227 So.2d 99 (Fla.DCA 1st, 1969).
The judgment appealed is affirmed.
CARROLL, DONALD K., Acting C. J.,, and MASON, ERNEST E., Associate Judge, concur.

. A flying switch was described by McDaniel as follows:
“ * * * you have the cars behind you and you want them on the other side of you, so you pull them at a speed fast enough that you estimate they will go where you want them to go, you get up to that speed, you uncouple them, run off with the engine and get away from them, and you get on the other side of the switch and the man handling the switch lines the switch and diverts the cars to where you want them to go.”