**Samuel Lonnie NELSON, Plaintiff-Appellee,**

v.

**FORD MOTOR COMPANY, etc., Defendant-Appellant.**

**No. 72-2146**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Nov. 14, 1972.

Rehearing Denied Dec. 5, 1972.

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

262

A. Lee Bradford, Miami, Fla., for defendant-appellant.

John R. Young, West Palm Beach, Fla., for plaintiff-appellee.

Before THORNBERRY, COLEMAN, and DYER, Circuit Judges.

PER CURIAM:

Ford Motor Company appeals from a judgment against it for personal injuries sustained by Samuel Lonnie Nelson in a single vehicle accident which allegedly resulted from the failure of a bearing on the left rear axle. Two issues are raised: (1) the District Court's refusal to give a requested instruction on contributory negligence, and (2) whether the District Court fell into error by instructing the jury on the doctrine of res ipsa loquitur. We affirm.

■■ When reasonable men can differ as to whether facts infer negligence on the part of the plaintiff the question of contributory negligence is normally one for the jury, Lynn v. Pulford, 200 So.2d 201, 202 (Fla.App., 1967). However, as in this case, where there is not some proof to support a charge of contributory negligence, the District Court's refusal to give such a charge is not error, Seaboard Coast Line Railroad Company v. McDaniel, 254 So.2d 15, 16 (Fla.App., 1971).

■ Ford maintains that for res ipsa loquitur to apply it must be shown that the defendant was in control of the instrumentality at the time of the accident. The true rule, however, is that the critical point of time is the time of the probable negligence—not the time of the injury, Holman v. Ford Motor Company, 239 So.2d 40, 44 (Fla.App., 1970); Dement v. Olin-Mathieson Chemical Corporation, 5 Cir., 1960, 282 F.2d 76, 81. Ford also asserts that res ipsa loquitur does not apply because the plaintiff's truck at one time or another might have been driven by the plaintiff's wife or son. Again, the proper rule is that the application of the doctrine of res ipsa loquitur does not require the injured person to obviate each and every remote

possibility of injury. Groves v. Florida Coca-Cola Bottling Company, 40 So.2d 128, 130 (Fla.1949); 58 Am.Jur.2d, Negligence § 501.

Consequently, the judgment must be Affirmed.