599 P.2d 953 (1979)
Brenda GORDON, Plaintiff-Appellant,
v.
WESTINGHOUSE ELECTRIC CORPORATION, a Pennsylvania Corporation authorized to do business in the State of Colorado, Defendant, and
Montgomery Elevator Company, a Delaware Corporation authorized to do business in the State of Colorado, Defendant-Appellee.
No. 78-1116.
Colorado Court of Appeals, Div. I.
May 3, 1979.
Rehearing Denied June 7, 1979.
Certiorari Granted August 20, 1979.
*954 Zuckerman & Sobol, P. C., Leo T. Zuckerman, Michael J. Kleinmman, Denver, for plaintiff-appellant.
Sheldon, Bayer, McLean & Glasman, P. C., J. Fern Black, Denver, for defendant-appellee.
VAN CISE, Judge.
Plaintiff Brenda Gordon appeals the judgment in favor of defendant Montgomery Elevator Company (defendant) entered upon a directed verdict at the end of plaintiff's evidence pertaining to liability. We reverse.
Plaintiff testified that in 1976 she was injured in an elevator accident at a Denver hotel where she was employed in the housekeeping department. She and a houseman entered an automated service elevator on the bottom level of the hotel. After the door had closed, plaintiff and the houseman pushed the buttons for the floors they desired. The elevator did not move, but the elevator door opened part way and stopped, leaving a small open space. With help from another employee outside the elevator, the houseman widened the opening, squeezed through, and exited from the elevator. Plaintiff, unassisted, attempted to follow. When she was about half way through the opening, the door started closing and pinned her between the door and the door frame. After a struggle, she extricated herself. In doing so she suffered injuries.
Plaintiff then commenced this negligence action against the manufacturer of the elevator (Westinghouse) and against the party responsible for the inspection and maintenance of the elevator (Montgomery). In its answer, defendant Montgomery admitted *955 that it was under contract to maintain all of the elevators in the hotel. Trial was to a jury. In its opening statement at trial, defendant admitted that it had maintained these elevators since 1961 and that it kept a mechanic on duty at the hotel "practically all the time."
Plaintiff relied solely on res ipsa loquitur to establish defendant's negligence. The only evidence presented on this issue, other than defendant's admissions from its answer and its opening statement, see La Rocco v. Fernandez, 130 Colo. 523, 277 P.2d 232 (1954); Skeens v. Kroh, 30 Colo.App. 88, 489 P.2d 347 (1971), was the testimony of the plaintiff summarized above.
At the conclusion of plaintiff's case, the trial court ruled that she had not established a prima facie case of negligence, and directed verdicts in favor of both defendants. Plaintiff has appealed only from the directed verdict in favor of defendant Montgomery.
The sole issue presented on appeal is whether plaintiff established a prima facie case of negligence against defendant Montgomery based on res ipsa loquitur.
In Branco Eastern Co. v. Leffler, 173 Colo. 428, 482 P.2d 364 (1971), our Supreme Court listed as essential elements of res ipsa loquitur which must be established by plaintiff, those stated in Restatement (Second) of Torts § 328D(1):
"It may be inferred that harm suffered by the plaintiff is caused by negligence of the defendant when
[1] The event is the kind which ordinarily does not occur in the absence of negligence.
[2] Other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence.
[3] The indicated negligence is within the scope of the defendant's duty to the plaintiff."

I.
We agree with the trial court that the first element was established. This sort of accident does not usually happen unless someone has been negligent. See Hilzer v. MacDonald, 169 Colo. 230, 454 P.2d 928 (1969). Common sense and experience tell us that elevators do not usually operate in this manner and that, when they do, negligence is a more probable explanation than other causes. Restatement (Second) of Torts § 328D, Comments c, d, e. Cf. Oil Building Corp. v. Hermann, 29 Colo.App. 564, 488 P.2d 1126 (1971), in which evidence of a power failure or a blown fuse was presented.

II.
Next, plaintiff had to produce evidence from which the jury could reasonably conclude that the negligence was more likely attributable to the defendant than to someone else. Restatement (Second) of Torts § 328D, Comment f; see Colorado Springs & Interurban Ry. v. Reese, 69 Colo. 1, 169 P. 572 (1917). The defendant's "exclusive control" of the instrumentality is merely one way of showing defendant's responsibility, but is not the only way. Restatement (Second) of Torts § 328D, Comment g.
In this case, defendant admitted that it had maintained the elevator since 1961, was under contract to do so on the date plaintiff was injured, and had a mechanic on duty at the hotel "practically all the time." Cf. Weber v. Gamble Building Co., 140 Colo. 483, 345 P.2d 727 (1959). From these facts the trial court should have concluded that plaintiff had established the second element of her prima facie case.
Instead, relying on Oil Building Co. v. Hermann, supra, the court concluded that, since the accident might have been caused by a power failure or blown fuse, plaintiff had not shown Montgomery's responsibility. That was error. In Oil Building Co., defendants presented evidence to show possible causes of the accident for which defendant would not be responsible. In the absence of such evidence, the trial court here erred in positing the existence of such other causes and then using them to defeat plaintiff's case. And even with such *956 evidence, in Adams v. Leidholdt, 38 Colo.App. 463, 563 P.2d 15 (1977), aff'd. Colo., 579 P.2d 618 (1978), this court held that it was not necessary for plaintiff to eliminate all explanatory possibilities other than that of defendant's negligence in order to have the issue of defendant's negligence submitted to the jury based on res ipsa loquitur.
The court also indicated that it was "troubled" about plaintiff's role in the accident. However, plaintiff neither caused the elevator's failure to lift nor the malfunctioning of the elevator door, nor did she contribute to the negligence which precipitated those occurrences. She was therefore not responsible for the accident because she had no "control" of the elevator at the time of the probable negligence. See Nelson v. Ford Motor Co., 469 F.2d 261 (5th Cir. 1972).
That she may have contributed to her own injuries by trying to exit the malfunctioning elevator instead of awaiting help, See, e. g., Bird v. Richardson, 140 Colo. 310, 344 P.2d 957 (1959); Arps v. City and County of Denver, 82 Colo. 189, 257 P. 1094 (1927), raises a separate issue which is discussed in IV below.

III.
The third element of res ipsa loquitur, that the indicated negligence be within the scope of a duty defendant owed to plaintiff, should have been resolved in plaintiff's favor. Defendant was required by contract to maintain the elevators and thus owed a duty to the foreseeable users thereof to use reasonable care in that activity. Here, plaintiff was a foreseeable user and was injured in a reasonably foreseeable manner.

IV.
Branco Eastern Co. v. Leffler, supra, listed as another required element for res ipsa loquitur, that the plaintiff be "free from any contributory negligence or other responsibilities." This merely restated the portion of the second element pertaining to conduct of the plaintiff. Branco was decided before July 1, 1971, the effective date of our comparative negligence statute, § 13-21-111, C.R.S.1973. No reference was made in Branco to the effect of comparative negligence on that element of res ipsa loquitur.
Under our comparative negligence statute, a plaintiff's contributory negligence does not bar recovery so long as plaintiff's negligence is not as great as defendant's. Section 13-21-111, C.R.S.1973. The question here is whether the comparative negligence statute has altered the law of res ipsa loquitur. This issue was noted but not addressed in Graf v. Tracy, Colo., 568 P.2d 467 (1977).
Recently, the Supreme Court of Oregon, in Cramer v. Mengerhausen, 275 Or. 223, 550 P.2d 740 (1976), determined:
"Even if the jury were to find that plaintiff was negligent and that his negligence contributed to his injury, plaintiff's negligence does not preclude the operation of the res ipsa doctrine because, under the comparative negligence system, the jury could infer from the circumstances that the defendant's negligence exceeded the plaintiff's negligence, thus permitting plaintiff to recover in spite of his contributing negligence. Whenever the jury could reasonably find that the defendant's conduct was a substantial factor in causing the plaintiff's injury and that the event is of a kind which ordinarily would not occur in the absence of the defendant's negligence, the doctrine of res ipsa loquitur applies even though plaintiff's negligence also contributed to his injury."
See also Turtenwald v. Aetna Casualty & Surety Co., 55 Wis.2d 659, 201 N.W.2d 1 (1972). We approve and adopt the rule stated in Cramer.
In the instant case, reasonable persons could infer from the evidence presented that plaintiff was negligent and that her negligence was a cause of her injuries. However, they also could reasonably find that her negligence was not as great as Montgomery's and that its negligence was a cause of her injuries. Thus, since the essential elements of res ipsa loquitur as to defendant's *957 negligence were established by sufficient evidence, the trial court erred in directing a verdict at the close of plaintiff's case.
The judgment in favor of defendant Montgomery is reversed, and the cause is remanded for a new trial.
COYTE and STERNBERG, JJ., concur.