**Ellen M. BERREY, Plaintiff–Appellant,**

**v.**

**WHITE WING SERVICES, INCORPORATED, a Colorado Corporation, and Colorado College, a Colorado Corporation, Defendants–Appellees,**

**and**

**Red Top Incorporated, a Delaware Corporation, Defendant.**

**No. 78–760**

Colorado Court of Appeals, Div. III.

July 24, 1980.

Rehearing Denied Aug. 14 and Aug. 28, 1980.

Certiorari Denied Nov. 3, 1980.

Gorsuch, Kirgis, Campbell, Walker & Grover, C. Willing Browne, Denver, for plaintiff–appellant.

Kane, Donley & Wills, Lee R. Wills, Colorado Springs, for defendant–appellee Colorado College.

Lowell Fortune, P.C., Jeffrey H. Thorpe, Denver, for defendant–appellee White Wing Services, Inc.

KELLY, Judge.

Ellen M. Berrey sued White Wing Services, Inc., Colorado College, and Red Top, Inc., for negligence. Her complaint against Red Top was dismissed prior to trial. She appeals the judgment entered on a directed

verdict in favor of the remaining defendants at the close of her case. She argues, among other things, that the trial court erred in refusing to apply the doctrine of *res ipsa loquitur*. We reverse.

Berrey, a student at Colorado College, received second and third degree chemical burns when she fainted and her face came into contact with an unknown substance on the floor of a lavatory in her dormitory. White Wing Services was under contract with Colorado College for janitorial services, including the maintenance of the lavatory. The evidence showed that the lavatories were used by the students residing in the dormitory and their guests.

■ The trial court refused to apply the doctrine of *res ipsa loquitur* because it found that Berrey had failed to establish that the instrumentality causing the harm was under the exclusive control of the defendants. Berrey argues first that Colorado law does not require that she establish that the instrumentality was under the defendants' exclusive control. We agree. Berrey need only present a prima facie case sufficiently eliminating responsible causes other than the negligence of the defendants. *See Bloxsom v. San Luis Valley Crop Care, Inc.*, Colo., 596 P.2d 1189 (1979).

The defendants speculated that Berrey's burns might have been caused by some unidentified action on the part of other students or their guests who had access to the lavatory. Nevertheless, while other responsible causes are to be *sufficiently* eliminated, a plaintiff need not eliminate all possibilities other than the defendants' negligence in order to have the issue submitted to the jury on the theory of *res ipsa loquitur*. *Gordon v. Westinghouse Electric Corp.*, Colo.App., 599 P.2d 953, *cert. granted* (1979). Once the jury has been instructed on the doctrine, it must determine whether to apply it to the facts presented. *See Colo. J.I.* 9:17 (2d ed.1980).

■ The court also found *res ipsa loquitur* inapplicable because Berrey failed to show that the accident would ordinarily not occur in the absence of someone's negligence. The court indicated that in order to establish that the accident would ordinarily not occur in the absence of someone's negligence, Berrey was required to show what was on the floor that caused the burn. We disagree.

Berrey presented testimony by the employees of White Wing and Colorado College that no one in their experience had ever received chemical burns from contact with a bathroom floor at the college. It is not material to Berrey's case what substance was on the floor. Therefore, Berrey was not required to establish what was on the floor which caused her burns. Rather, Berrey merely had to present evidence, as she did, that the chemical burns would not ordinarily have occurred in the absence of someone's negligence. *See Bloxsom, supra.*

■ Alternatively, Berrey argues that the trial court erred in determining that she had not established a prima facie case of negligence by the defendants. In connection with this argument, she contends that the court also erred in ruling that White Wing was an independent contractor rather than an employee of Colorado College. In view of our determination that the doctrine of *res ipsa loquitur* applies, we need not address these issues. On retrial, given the same evidence justifying the application of *res ipsa loquitur*, Berrey will no longer bear the burden of going forward with evidence to establish a prima facie case on the issue of negligence. Rather, Colorado College and White Wing Services must show that they were not negligent by a preponderance of the evidence.[1] *See Colo. J.I.* 9:17 (2d ed.1980).

1. Since the doctrine of *res ipsa loquitur* is applicable here, Berrey need not, on retrial, rely on the theory of *respondeat superior* in order to prove a case against Colorado College. The liability of the College does not necessarily depend upon the negligence of White Wing Services. The burden is on the College to prove that it used due care. Only if the College's proof tends to show the non-negligence of the College as well as the negligence of White Wing is the nature of the relationship between Colorado College and White Wing a matter of significance.

Berrey further argues that the trial court abused its discretion in ordering her to pay for defense counsel's transportation to New York City to depose one of her treating physicians. We agree. The defendants presented no evidence of unnecessary inconvenience, expense, or hardship other than the cost of the plane trip itself. *See Orth v. Bauer*, 163 Colo. 136, 429 P.2d 279 (1967). No reason appears in the record why these defendants, under the circumstances of this case, could not have employed competent New York counsel to take routine depositions of a treating physician who was unavailable for trial.

The judgment is reversed and the cause is remanded for a new trial consistent with the views expressed herein.

BERMAN, J., concurs.

RULAND, J., dissents.

RULAND, Judge, dissenting:

I respectfully dissent from that part of the majority opinion which holds that the trial court erred in directing a verdict for defendants under the doctrine of *res ipsa loquitur.*

The record reflects that plaintiff's claim against White Wing was predicated upon alleged negligence in failing to clean and maintain the bathroom floors. White Wing was obligated by contract with Colorado College to clean the bathroom floor Monday through Saturday. Plaintiff's unfortunate accident occurred at approximately 4:00 a. m. on a Tuesday morning, but the floor had not been cleaned for several days prior to that time.

Plaintiff's claim against Colorado College was based upon alleged negligence in failing to insure that the bathroom floor was cleaned after a clogged toilet was reported to the College on the Saturday preceding plaintiff's accident. In addition, plaintiff asserted that the College was vicariously liable under the doctrine of *respondeat superior* for the alleged negligence of White Wing.

The mere happening of an accident does not establish a presumption of negligence pursuant to the doctrine of *res ipsa loquitur. See Aurora v. Weeks*, 152 Colo. 509, 384 P.2d 90 (1963). In my view the trial court was correct in dismissing the plaintiff's claims against both defendants because she failed to carry the burden of producing evidence from which a jury could reasonably conclude that the negligence which *caused* the accident was more likely attributable to the defendants than to someone else. *Branco Eastern Co. v. Leffler*, 173 Colo. 428, 482 P.2d 364 (1971); *Gordon v. Westinghouse Electric Corp.*, Colo.App., 599 P.2d 953, *cert. granted* (1979). This burden was not sustained because there was no evidence or legitimate inferences from any evidence as to what chemical caused plaintiff's injury or when that chemical was placed on the bathroom floor.

Assuming that White Wing was guilty of negligence in failing to clean the bathroom floor in compliance with its contract, and, that the College was negligent in not insuring that the floor was cleaned after it was notified of the clogged toilet, to impose liability on these defendants one must assume that the chemical was placed on the floor *before* White Wing was scheduled to clean the bathroom floor during the day on Monday. However, the bathroom facilities were provided for and accessible to numerous students and their guests at the dormitory after the floor was cleaned each day. Yet, even if that assumption may be characterized as a "probability" under the guise of *res ipsa loquitur*, yet another assumption must be made, namely, that the cleaning compounds used by White Wing would have removed whatever chemical was placed on the floor. There is no evidence or legitimate inference from any evidence with which to label this assumption as a "probability" because we do not know what chemical was on the floor.

Where two equally plausible inferences can be drawn as to the likelihood of a defendant's negligence being or not being the cause of plaintiff's injury, *res ipsa loquitur* cannot be applied. *See Hamilton v. Smith*, 163 Colo. 88, 428 P.2d 706 (1967);

*Schmaltz v. St. Luke's Hospital*, 33 Colo. App. 351, 521 P.2d 787 (1974), *rev'd on other grounds*, 188 Colo. 353, 534 P.2d 781 (1975).

I would affirm the judgment of the trial court dismissing plaintiff's claim.