**HARTFORD FIRE INSURANCE COMPANY, Northwestern National Insurance Company, Pennsylvania General Insurance Company, Commercial Union Assurance Company, Transamerica Insurance Company, Robertson L. Bennett, Thomas W. Bennett, Willard M. Bennet, and Hickman's for Men, Inc., Plaintiffs-Appellants,**

v.

**PUBLIC SERVICE COMPANY OF COLORADO, a Colorado corporation, Defendant-Appellee.**

No. 80CA0556.

Colorado Court of Appeals,
Div. I.

June 16, 1983.

Rehearing Denied July 21, 1983.

Certiorari Denied Dec. 19, 1983.

Wood, Ris & Hames, P.C., William K. Ris, Daniel M. Fowler, Denver, for plaintiffs-appellants.

Kelly, Stansfield & O'Donnell, Richard W. Bryans, Timothy J. Flanagan, Denver, for defendant-appellee.

STERNBERG, Judge.

The plaintiff insurance companies sued Public Service Company of Colorado to recover for property damage claims they had paid their policyholders which arose out of an explosion in downtown Fort Collins. The jury found for Public Service and the insurance companies appeal the judgment

entered on that verdict. We affirm in part and reverse in part.

On April 26, 1977, an explosion occurred in a building in downtown Fort Collins. One building was destroyed and several adjacent buildings were damaged. There was no dispute that defendant was the sole supplier, by underground pipeline, of natural gas in the city. The total amount of damages sustained by the plaintiffs' policyholders and paid by plaintiffs was $898,775.90.

The resulting suit was predicated on two alternate theories: strict liability for any natural gas explosion, or negligence. At the close of plaintiffs' case, the court dismissed the strict liability claim. Public Service's motions for directed verdict on the negligence claim were denied. However, the court refused plaintiffs' request to instruct on the doctrine of *res ipsa loquitur.*

## I.

The insurance companies argue that Public Service is liable regardless of fault because natural gas is an ultrahazardous substance and therefore the court erred when it dismissed the strict liability claim. We do not agree.

■ While storage of natural gas is commonly held to be an ultrahazardous activity, *McLane v. Northwest Natural Gas Co.,* 255 Or. 324, 467 P.2d 635 (1970), this status has not been extended to the transmission thereof. *See Ward v. Aero-Spray, Inc.,* 170 Colo. 26, 458 P.2d 744 (1969); *Grange Mutual Fire Insurance Co. v. Golden Gas Co.,* 133 Colo. 537, 298 P.2d 950 (1956); *Restatement (Second) of Torts* § 520, comment i (1976). Thus, we decline to extend the doctrine of strict liability to transmission of natural gas.

## II.

The insurance companies' principal contention is that the court erred in refusing to instruct the jury on the doctrine of *res ipsa loquitur.* We agree.

The court refused to instruct on *res ipsa loquitur* because it reasoned that there were other theories of causation advanced, and that all other causes had not been eliminated. Thus, the court found that plaintiffs had failed to establish that the explosion was an event which ordinarily does not occur in the absence of negligence.

■ Historically, the doctrine of *res ipsa loquitur* was applicable only when there were no other reasonable explanations for the accident other than negligence of the defendant. *See, e.g., Saliman v. Silk,* 118 Colo. 220, 194 P.2d 304 (1948). No longer is application of the doctrine so restricted. As now applied, allegations of specific negligence in a complaint do not preclude a plaintiff from relying on the doctrine. *Adams v. Leidholdt,* 38 Colo. App. 463, 563 P.2d 15 (1976), *aff'd,* 195 Colo. 450, 579 P.2d 618 (1978). Moreover, an attempt to prove allegations of specific negligence does not negate the applicability of *res ipsa loquitur* so long as the evidence of specific negligence does not conclusively establish the facts surrounding the accident. *Mobile Chemical Co. v. Bell,* 517 S.W.2d 245 (Tex.1975); *Collgood, Inc. v. Sands Drug Co.,* 5 Ill.App.3d 910, 284 N.E.2d 406 (1972).

The essential elements of *res ipsa loquitur* now applicable in Colorado are those stated in *Restatement (Second) of Torts* § 328D and set forth in *Montgomery Elevator Co. v. Gordon,* 619 P.2d 66 (Colo. 1980), as follows:

" '(1) The event is the kind which ordinarily does not occur in the absence of negligence. (2) Other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence, [and] (3) The indicated negligence is within the scope of the defendant's duty to the plaintiff.' "

The Supreme Court has recently explained:

"A verdict may not be directed against a plaintiff who relies on *res ipsa loquitur* to establish a prima facie case of presumed negligence because he fails to establish by a preponderance of the evi-

dence that the injury was of the kind which ordinarily does not occur in the absence of negligence. The expression 'preponderance of the evidence' connotes the evidence which is 'most convincing and satisfying in the controversy between the parties,' *Colo.J.I.2d* 3:1(4) and involves the determination of disputed factual questions, the credibility of witnesses, and the probative value of the evidence adduced by the parties. Instead, the proper inquiry by the trial court is directed to the legal sufficiency of the plaintiff's evidence. It involves no weighing of the evidence; rather, the evidence and all legitimate inferences therefrom are to be construed in a light most favorable to the plaintiff." *Holmes v. Gamble,* 655 P.2d 405 (Colo.1982).

■ The trial court's findings and its ultimate refusal to instruct on *res ipsa loquitur* reveal that it held plaintiffs to too high a standard in that it weighed the probative value of the evidence on both sides rather than viewing the evidence in a light most favorable to the plaintiffs.

As to the first element of the doctrine, *Montgomery Elevator Co. v. Gordon, supra,* relying on *Restatement (Second) of Torts* § 328D, comment e, instructs us that:

"The plaintiff need not ... conclusively exclude all other possible explanations and so prove his case beyond a reasonable doubt .... It is enough that the facts proved reasonably permit the conclusion that negligence is the more probable explanation."

There, the court also stated:

"It follows that, whenever a court can reasonably find that the event is of the kind which ordinarily would not occur in the absence of someone's negligence and that defendant's inferred negligence was, more probably than not, a cause of the injury, the doctrine of *res ipsa loquitur* applies ...."

■ Similarly, with respect to the need for elimination of other responsible causes, to have the issue of a defendant's negligence reach the jury it is not necessary for a plaintiff to eliminate all hypotheses other than that of defendant's negligence. *Berrey v. White Wing Services, Inc.,* 44 Colo. App. 506, 619 P.2d 82 (1980). *See also Holmes v. Gamble, supra; Zimmer v. Celebrities, Inc., infra; Adams v. Leidholdt, supra; Restatement (Second) of Torts* § 328, comment e, Illustrations 3 and 4.

■ *Res ipsa loquitur* is a rule of evidence which allows an inference of causation when direct evidence on that element is lacking. *Branco Eastern Co. v. Leffler,* 173 Colo. 428, 482 P.2d 364 (1971). Neither plaintiffs' evidence of a specific act of negligence nor Public Service's theories of causation preclude use of the doctrine on the issue of causation since no evidence of causation resolved the issue. *See Zimmer v. Celebrities, Inc.,* 44 Colo.App. 515, 615 P.2d 76 (1980).

Except for one witness, all experts agreed that the explosion originated in the basement of a business named "Flowers and Things." The proprietor of that business testified that when he was last there, on the evening before the explosion, he did not smell anything unusual in the basement. Three witnesses who were in the area during the evening before the explosion testified that they noticed the distinctive odor of natural gas, and two men testified that they became alarmed by the odor of natural gas when they reported to work at an adjacent building just before the explosion occurred.

Three weeks before the explosion, Public Service had replaced the gas meter in the basement of Flowers and Things. At that time, a small leak in a nearby gas main had been discovered which showed a potentially explosive concentration of gas around the source of the leak. However, tests conducted following the explosion showed the concentration would have dissipated before reaching the building.

Investigations were conducted by the Fort Collins fire department, the Colorado Bureau of Investigation, and the Bureau of Alcohol, Tobacco, and Firearms, but the cause of the explosion was not determined.

Experts attributed the explosion to different causes: natural gas, heavier than air gas, or an explosive compound. However, no evidence of explosives, a source for other gas products, or alternative sources of natural gas was discovered in the debris.

The plaintiffs' evidence pointed to the explosion being caused by ignition of a flammable substance foreign to the point of ignition. Because Public Service was the sole supplier of natural gas, the plaintiffs argue inferentially that the explosion was fueled by natural gas which escaped from Public Service's mains and lines, that it accumulated in the basement of the flower shop, and that it was ignited by switches on refrigeration compressors in that basement.

■ Three experts testified that their investigation and analysis of the debris, witness accounts of the sound accompanying the explosion, the absence of smoke, the absence of hydrocarbons at the source of the explosion, the air temperature and circulation, and testimony of a natural gas odor prior to the explosion led them to believe to a reasonable degree of certainty that the explosion was fueled by natural gas. This explanation reasonably permits an inference that negligence is the more probable explanation for the explosion, and that the negligence was more probably than not that of the defendant.

■ The theories of negligence and causation presented by Public Service were insufficient to have deprived plaintiffs of the benefit of the doctrine. While credible and considerable, Public Service's evidence did not destroy the inference that negligence by someone was the probable cause. Nor did it destroy the inference that the negligence was that of Public Service. Its evidence too rested on the theory of a foreign flammable substance causing the explosion, and, while its experts agreed that the cause was not a natural gas explosion, they did not agree on either the origination of the explosion or its cause. Mere speculation as to the cause does not rebut the inference that the action is one that would not ordinarily occur in the absence of negligence. *Kitto v. Gilbert*, 39 Colo. App. 374, 570 P.2d 544 (1977).

■ On these facts, it was error not to have instructed the jury on the doctrine of *res ipsa loquitur*. Determining which explanation was more convincing is the function of the jury. If the jury in its fact finding function concluded that the explosion was fueled by natural gas and that the elements of the doctrine were established, it may infer that the harm suffered by the plaintiff was caused by the negligence of Public Service. *Montgomery Elevator Co. v. Gordon, supra; Restatement (Second) of Torts* § 328D, comment e.

Public Service argues that, even if *res ipsa loquitur* is applicable to the facts of this case, the instruction tendered by plaintiffs incorrectly states the law.

The plaintiffs tendered instruction on *res ipsa loquitur*, based substantially on *Colo. J.I.* 9:17 (2d ed. 1980), read as follows:

"In determining whether or not the defendant was negligent, if you find that the explosion of April 26, 1977 at 116–120 East Oak Street, Fort Collins, Colorado was caused by natural gas escaping from the defendant's natural gas distribution system, which was in the exclusive control of the defendant, Public Service Company of Colorado, and that such explosion probably would not have occurred had the defendant exercised reasonable care, there is a presumption that the defendant was negligent.

Unless and until the presumption is outweighed by evidence to the contrary which has been proved by a preponderance of the evidence, you must consider the presumption with other evidence in arriving at your verdict."

As stated in *Colo.J.I.* 9:17 (2d ed. 1980) (1982 supp.) (Notes on Use):

"Because of Rule 301 of the Colorado Rules of Evidence ... (effective January 1, 1980) ... the doctrine of *res ipsa loquitur* ... no longer creates a presumption of negligence which shifts the burden of disproving the presumed fact of negligence to the opponent of the pre-

sumption. The doctrine now only shifts a burden of going forward with evidence to rebut the presumed fact of negligence."

In the 1982 supplement, the last sentence of instruction 9:17 quoted above has been amended to read:

"You must consider this presumption together with all the other evidence in the case in determining whether or not the defendant was negligent."

■ We agree that the tendered instruction should have been worded to conform to CRE 301 and amended instruction 9:17. However, the trial court here committed reversible error in ruling that it would not submit any instruction on *res ipsa loquitur*. Thus, any defect in the instruction tendered is of no significance.

The dismissal of plaintiffs' strict liability claim is affirmed. The judgment on the negligence claim is reversed, and the cause is remanded for a new trial on that claim.

ENOCH, C.J., and VAN CISE, J., concur.