**Sara L. TRIGG and Alvis Trigg,**
**Plaintiffs-Appellants,**

v.

**CITY AND COUNTY OF DENVER and**
**Winter Park Recreation Association,**
**Defendants-Appellees.**

No. 83–2397.

United States Court of Appeals,
Tenth Circuit.

March 4, 1986.

---

Dean P. Grossenbach of Grossenbach & Grossenbach, Denver, Colo., for plaintiffs-appellants.

Stephen K. Gerdes (Sandra L. Spencer with him on brief) of White & Steele, P.C., Denver, Colo., for defendants-appellees.

Before McKAY and BALDOCK, Circuit Judges.[*]

McKAY, Circuit Judge.

In March of 1980, Sara Trigg and her high school classmates traveled to Winter Park, Colorado, to enjoy a ski vacation. Ms. Trigg purchased a lift ticket from the Winter Park Ski Area and proceeded to the Arrow Chairlift at the base of the mountain. This lift services beginning, intermediate, and expert ski runs.

Ms. Trigg had skied only a few times before this vacation. She was familiar with chairlifts, but the Arrow Chairlift was the first three-person chairlift she had used. She maintained at trial that she was never properly seated in the chair before it left the loading ramp. She also testified that when the chair began to rise off the ground, it jerked, causing her to slip out of the chair so that her back was against the edge of the seat. At that point, Ms. Trigg dropped her ski poles and grabbed the bars of the chair to hang on. When the lift finally stopped, Ms. Trigg's chair had traveled 65 yards from the loading ramp, and she was dangling 25 feet above the ground. Members of the Winter Park Ski Patrol reached the area beneath Ms. Trigg's chair and told her to "point her skis downhill and drop." Ms. Trigg's strength finally gave out, and she unintentionally fell to the snow. Upon landing, she suffered serious injuries to both her knees.

I.

Appellants tendered jury instructions to the trial court on two distinct theories: common-law negligence and statutory or per se negligence. They contend that at trial they presented sufficient evidence on both theories to support giving both of the instructions, and thus the trial court erred in requiring them to choose between these theories and in refusing to instruct the jury on the theory of statutory negligence.

Recently, we reiterated our general views about when it is proper to give jury instructions:

Under federal law, an instruction is properly given if supported by competent evidence; only where there is sufficient evidence to support an issue or theory is the party offering an instruction entitled to have the instruction given. [*Achin v. Begg Tire Center*, 694 F.2d 226, 228 (10th Cir.1982) ]; *General Motors Corp. v. Walden*, [406 F.2d 606 (10th Cir. 1969) ]. The evidence necessary to justify an instruction must be more than conjecture and speculation. *General Motors Corp. v. Walden, supra*, at 609.

*Brownlow v. Aman*, 740 F.2d 1476, 1490 (10th Cir.1984).

We agree with appellant's argument that there was sufficient evidence of a statutory or regulatory violation to warrant giving a negligence-per-se jury instruction. The Colorado statutes and regulations governing ski lift operators at the time of Ms. Trigg's injury were very wide-ranging. Among other duties, they required the operator to assist passengers, maintain surveillance over the lift, and stop the passenger tramway immediately in the event of trouble or danger. *See* 3 Code Colo.Reg. 718–1 at p. 69–70 §§ 3.2.3.1–.3 (1979) (duties of ski lift attendant and conductor) (superceded November 1983, comparable regulations currently in force can be found at 3 Code Colo.Reg. 718–1 at p. 40–43 §§ 3.3–5.3 (1985) ). Since the plaintiffs made allegations, supported by sufficient evidence, that these and other regulations

---

[*] The Honorable Jean S. Breitenstein, United States Circuit Judge, heard oral argument in this case but did not participate in the final decision.

were violated, we believe that the trial court committed reversible error when it failed to offer Colorado Jury Instruction 9:14 (statutory or per se negligence). Upon remand, the trial court should also give Colorado Jury Instruction 12:13 (common-law negligence) if it determines that there is sufficient evidence of negligence which is not also a violation of Colorado statutes or regulations.

## II.

Appellants further argue that reversal is warranted on the ground that the court refused to give the following *res ipsa loquitur* instruction to the jury:

> In determining whether or not the Defendant was negligent or not, if you find that the Plaintiff, Sara Trigg incurred injuries caused by the Arrow chair lift which was in the exclusive control of the Defendant Winter Park and that such injuries would not have been caused by such Arrow chair lift had the Defendants exercised reasonable care, there is a presumption that the Defendant was negligent.
>
> Unless and until the presumption is outweighed by the evidence to the contrary which has been proved by a preponderance of the evidence, you must consider the presumption with other evidence in arriving at your verdict.

Appellant's Brief at 20–21. In explaining why it refused to submit this instruction to the jury, the court noted:

> The Court did not give this Instruction principally on the ground that the Instruction ... is not supported by the evidence. The Instruction says in effect: "The jury finds that the injuries were caused by the chairlift," etc. The evidence in this case did not indicate any injury caused by the machine itself, but by the Defendant—or by the plaintiff's improper seating. As a consequence, the objection was overruled. It is now overruled.

Record, vol. 2, at 4.

We agree with the trial court on this issue. The doctrine of *res ipsa loquitur* is typically used to supply a deficiency of proof as to negligence, and it operates to permit an inference of negligence when the evidence does not directly establish how the injury occurred. The Colorado Supreme Court set forth the essential elements of *res ipsa loquitur* in *Montgomery Elevator Co. v. Gordon*, 619 P.2d 66 (Colo. 1980):

> "It may be inferred that harm suffered by the plaintiff is caused by the negligence of the defendant when:
>
> "1. 'The event is the kind which ordinarily does not occur in the absence of negligence.'
>
> "2. 'Other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence.'
>
> "3. 'The indicated negligence is within the scope of the defendant's duty to the plaintiff.' *Restatement of Torts, 2d § 328D and*
>
> "4. 'The plaintiffs are free from any contributory negligence or other responsibilities.' *Prosser, Law of Torts* (2d Ed.) § 42, at 199."

*Id.* at 68 (citing *Branco East'n Co. v. Leffler*, 173 Colo. 428, 431, 482 P.2d 364, 367 (1971)) (footnote omitted).

This is not a *res ipsa loquitur* case; negligence should not be inferred. First, an injury on a ski lift could easily occur in the absence of operator negligence. Moreover, the record establishes that appellants have failed to satisfy the second *res ipsa* requirement of sufficiently eliminating other responsible causes. We are not unmindful that they need not eliminate all other possible causes of Ms. Trigg's injury. *Berrey v. White Wing Services, Inc.*, 44 Colo.App. 506, 619 P.2d 82 (1980). However, the Restatement (Second) of Torts explains that a *res ipsa loquitur* claimant must demonstrate the absence of equally probable alternative causes for her injury:

> It is ... necessary to make the negligence point to the defendant. On this ... the plaintiff has the burden of proof by a preponderance of the evidence; and in any case where there is no doubt that it is at least equally probable that the

negligence was that of a third person, the court must direct the jury that the plaintiff has not proved his case.

*Restatement (Second) of Torts* § 328D comment f (1965).

Appellant's own negligent conduct has not been eliminated as a responsible cause of the accident. If there is any other cause apparent to which the injury may with equal fairness be attributed, the reason for a *res ipsa loquitur* inference fails, and the rule should not be invoked. The mere happening of an accident does not dispense with the requirement that the injured party must make some showing that the defendant against whom relief is sought was in some manner negligent, where there are other probable causes of the injury.

Because the trial court erred in denying appellants a negligence-per-se instruction, we reverse and remand for a new trial in accordance with this opinion.