## No. C-970

## Wesley E. Graf v. Marc E. Tracy

(568 P.2d 467)

Decided September 6, 1977.

Blunk, Johnson & Allspach, George E. Johnson, for petitioner.

Frickey, Cairns & Wylder, P.C., Earl S. Wylder, for respondent.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

This case involves the propriety of a *res ipsa loquitur* instruction in a comparative negligence context. The Court of Appeals reversed the trial court's judgment for the defendant and ordered a new trial on the plaintiff's claim for damages.[1]

---

[1] *Tracy v. Graf*, 37 Colo. App. 323, 550 P.2d 886 (1976).

We granted the defendant's petition for certiorari and now reverse the court of appeals.

The plaintiff sought damages for injuries sustained in an automobile collision on December 7, 1972. Because of icy conditions that morning, the plaintiff's car "rear-ended" the vehicle traveling ahead of him. The two cars were stopped in their lane of travel, and the plaintiff left his car. In order to inspect the damage, the plaintiff walked between the front of his car and the rear of the car he had struck. While the plaintiff stood between the two bumpers, the defendant's auto struck the plaintiff's from the rear. This propelled the plaintiff's car into the car the plaintiff had struck, trapping the plaintiff's legs between the bumpers and injuring him.

At trial the plaintiff tendered a *res ipsa loquitur* instruction to the effect that a presumption of negligence arises from a rear-end collision.[2] The trial court refused the tendered instruction, and the jury returned a verdict finding the plaintiff 70% at fault and the defendant 30% at fault.

The court of appeals concluded that because the plaintiff had been contributorily negligent, the trial court's refusal to give the tendered instruction was, at most, harmless error. The court of appeals went on to determine, however, that the adoption of comparative negligence [3] had altered the doctrine of *res ipsa loquitur.*

The defendant argues that, in the special circumstances here presented, the trial court did not commit reversible error in refusing the instruction. We agree.

The *res ipsa loquitur* doctrine permits a jury to infer from circumstantial evidence that the defendant was negligent when certain requisites are met. *See W. Prosser, Law of Torts*, §40 (4th Ed. 1971). In Colorado the doctrine has been held to give rise to a rebuttable presumption of the defendant's negligence. *Weiss v. Axler*, 137 Colo. 544, 328 P.2d 88 (1958).[4] *Res ipsa loquitur* does not create a substantive claim for relief, however, for it is a rule of evidence. *St. Luke's Hospital v. Schmaltz*, 188 Colo. 353, 534 P.2d 781 (1975).

The jury in the present case found that the defendant was negligent even though no *res ipsa loquitur* instruction was given. Thus, the jury found that the plaintiff had established the defendant's negligence without the benefit of a presumption of negligence. Under these facts, the trial judge's failure to give a *res ipsa loquitur* instruction could not possibly have prejudiced the plaintiff.

---

[2]In proper circumstances, the doctrine of *res ipsa loquitur* may be applied to rear-end collisions. *Dilts v. Baker*, 162 Colo. 568, 427 P.2d 882 (1967); *Iacino v. Brown*, 121 Colo. 450, 217 P.2d 266 (1950).

[3]Section 13-21-111, C.R.S. 1973. Effective July 1, 1971.

[4]*See Howard v. Avon Products, Inc.*, 155 Colo. 444, 455, 395 P.2d 1007, 1012 (1964): "The doctrine of *res ipsa loquitur* serves to create a prima facie case on behalf of the plaintiff."

4

■ Moreover, the fact that the jury found the plaintiff 70% at fault would have precluded his recovery under our comparative negligence statute[5] even if the requested instruction had been given. Therefore, it is unnecessary to decide at this time whether, or to what extent, the comparative negligence statute may have altered the law of *res ipsa loquitur.*[6] That issue should be decided only after it has been fully briefed and argued as an issue whose resolution is essential to the decision of a case.

The judgment of the Court of Appeals is reversed and the judgment of the trial court is reinstated.

---

[5]Section 13-21-111(1), C.R.S. 1973 precludes the plaintiff's recovery if his negligence was as great as or greater than the defendant's.

[6]We do note, however, that the Supreme Court of at least one state has held that a plaintiff's contributory negligence is not an absolute bar to reliance on *res ipsa loquitur* in a comparative negligence case. *Turtenwald v. Aetna Casualty & Surety Co.,* 55 Wis.2d 659, 201 N.W.2d 1 (1972); *Welch v. Neisius,* 35 Wis.2d 682, 151 N.W.2d 735 (1967); *Turk v. H. C. Prange Co.,* 18 Wis.2d 547, 119 N.W.2d 365 (1963).