**MONTGOMERY ELEVATOR COMPANY, a Delaware Corporation authorized to do business in the State of Colorado, Petitioner,**

v.

**Brenda GORDON, Respondent.**

**No. 79SC207.**

Supreme Court of Colorado, En Banc.

Nov. 10, 1980.

Sheldon, Bayer, McLean & Glasman, P.C., J. Fern Black, Richard McLean, Denver, for petitioner.

Leo T. Zuckerman, Michael J. Kleinman, Denver, for respondent.

LEE, Justice.

We granted certiorari to review the opinion of the court of appeals in *Gordon v. Westinghouse Elec. Corp.*, 42 Colo.App. 426, 599 P.2d 953 (1979). We now affirm the court of appeals.

Respondent Brenda Gordon was injured when she attempted to exit from an elevator in the Hilton Hotel in Denver, where she was employed. The elevator door closed after she and another hotel employee, Ernest Yogley, had entered it. The elevator did not move. Instead, the door reopened slightly, but the opening was not wide enough to allow the passengers to exit. With the assistance of a third employee who was outside the elevator, Yogley opened the door enough to get out. As Gordon attempted to exit, however, the door began to close, pinning her between the door and the wall of the elevator. In attempting to free herself, she was injured.

Gordon brought a negligence action against Westinghouse Electric Corporation, the manufacturer of the elevator, and Montgomery Elevator Company, which was responsible for the maintenance of the elevators in the Hilton Hotel.[1] In a trial to the jury, Gordon relied solely on the doctrine of *res ipsa loquitur* to establish the defendants' negligence. Aside from the defendants' admissions in their answers and

their opening statements, Gordon's testimony at trial was the only evidence presented on the negligence issue.

The district court ruled that Gordon had not established a prima facie case of negligence and directed verdicts in favor of both Westinghouse and Montgomery at the close of Gordon's testimony. Gordon appealed only from the verdict in favor of Montgomery.

The court of appeals reversed and remanded to the district court for a new trial, holding that the elements of *res ipsa loquitur* had been established.

■ The essential elements of *res ipsa loquitur* in Colorado were stated in *Branco East'n Co. v. Leffler*, 173 Colo. 428, 482 P.2d 364 (1971) as follows:

"It may be inferred that harm suffered by the plaintiff is caused by the negligence of the defendant when:

"1. 'The event is the kind which ordinarily does not occur in the absence of negligence.

"2. 'Other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence.

"3. 'The indicated negligence is within the scope of the defendant's duty to the plaintiff.' *Restatement of Torts*, 2d § 328D. *and*

"4. 'The plaintiffs are free from any contributory negligence or other responsibilities.' *Prosser, Law of Torts* (2d Ed.) § 42, at 199."[2]

If the elements are established, a jury is permitted to presume that the defendant was negligent. This presumption may be rebutted by evidence showing that the event resulting in the plaintiff's injuries was not due to any negligence on defend-

---

1. Gordon asserted other claims against the defendant Westinghouse: negligence in design of the elevator; breach of warranty; and strict liability. A further claim of strict liability was also asserted against Montgomery. These claims against both defendants were all dismissed on motion for a directed verdict and are not in issue on this appeal.

2. We discuss the apparent similarity between the second and fourth elements, insofar as a plaintiff's conduct may be a contributing cause of the event which occasioned his injury, in III *infra*.

ant's part. *See Graf v. Tracy*, 194 Colo. 1, 568 P.2d 467 (1977).[3]

The court of appeals held that the evidence presented by the plaintiff established the first three elements of *res ipsa loquitur*. The court further held that since the General Assembly had enacted the law of comparative negligence, section 13–21–111, C.R.S. 1973, the fourth element of the doctrine above stated need no longer be established.

Montgomery challenges the holding of the court of appeals that the first and second elements have been established by Gordon and that the fourth element no longer need be established because of the adoption of the statute on comparative negligence. Section 13–21–111, C.R.S.1973.

## I.

To prove the first element, the *Restatement (Second) of Torts*, § 328D, Comment e, suggests that:

" * * * The plaintiff need not, however, conclusively exclude all other possible explanations and so prove his case beyond a reasonable doubt. * * * It is enough that the facts proved reasonably permit the conclusion that negligence is the more probable explanation. * * * " *Restatement (Second) of Torts*, § 328D, Comment e.

■ We agree that the first element of the doctrine was established, as stated by the court of appeals:

" * * * This sort of accident does not usually happen unless *someone* has been negligent. * * * Common sense and experience tell us that elevators do not usually operate in this manner and that, when they do, negligence is a more probable explanation than other causes. *Restatement (Second) of Torts*, § 328D, Comments c, d, e. * * * " *Gordon v. Westinghouse, supra.*

■ We understand that the district court's ruling granting a directed verdict was based on the case of *Oil Bldg. Corp. v.*

*Hermann*, 29 Colo.App. 564, 488 P.2d 1126 (1971), which involved an elevator mishap. We agree with the court of appeals that the decision in *Oil Bldg.* was misapplied by the district court in the present case. *Oil Bldg.* was reversed because the defendant in that case had produced evidence in its defense that the elevator malfunction was caused by a blown fuse and a burned–out contact on a switch, thus breaking the electrical circuit. This evidence destroyed the inference allowable under the doctrine of *res ipsa loquitur* that the defendant was negligent. In that circumstance, proof of actual negligence on the part of the defendant was required to be presented by the plaintiff if he was to prevail on his claim of negligence. The doctrine of *res ipsa loquitur* does not require that the plaintiff in the first instance prove actual negligent acts by the defendant.

We do not find persuasive the cases cited by Montgomery as holding *res ipsa loquitur* inapplicable to elevator door situations since they deal with other elements of the doctrine or are clearly distinguishable on the facts.

## II.

■ The second element of the *res ipsa loquitur* requires the plaintiff to show that the defendant, rather than someone else, was more probably than not, responsible for the negligence.[4] We agree with the court of appeals that exclusive control is only one way of showing defendant's responsibility for the negligence.

" * * * [T]he plaintiff is not required to exclude all other possible conclusions beyond a reasonable doubt, and it is enough that he makes out a case from which the jury may reasonably conclude that the negligence was, more probably than not, that of the defendant." *Restatement (Second) of Torts*, § 328D, Comment f.

---

**3.** CRE. 301; *contra, Weiss v. Axler*, 137 Colo. 544, 328 P.2d 88 (1958).

**4.** Our discussion here is limited to "other responsible causes," but not contributory negligence, which is discussed in III, *infra*.

■ In the present case, the evidence showed that Montgomery had been responsible for the maintenance of the elevators since 1961, and had a mechanic on duty "practically all the time." Therefore, absent introduction by the defendant of evidence to the contrary, it is more probable than not that the malfunction of the elevators is attributable to the defendant or its employees.

### III.

■ The fourth element in the Colorado definition of *res ipsa loquitur* requires that plaintiff be free from "contributory negligence or other responsibilities." However, since this requirement was adopted by the court before the effective date of the comparative negligence statute on July 1, 1971, the final question before this court is whether the comparative negligence statute effectively eliminates this requirement. We hold that it does.

Apparently, the only states which have ruled on this matter are Wisconsin and Oregon. *Turk v. H. C. Prange Co.*, 18 Wis.2d 547, 119 N.W.2d 365 (1963) and *Cramer v. Mengerhausen*, 275 Or. 223, 550 P.2d 740 (1976). Both courts ruled that under comparative negligence, contributory negligence on the part of the plaintiff did not bar the use of *res ipsa loquitur*. We find the logic of their position persuasive and hold that Colorado's comparative negligence statute eliminates the requirements that the plaintiff be free from contributory negligence.

The purpose of comparative negligence is to ameliorate the harshness of the complete bar resulting from common law contributory negligence. *W. Prosser, Torts* § 67 (4th ed.). This was accomplished by mandating a comparison of the relative degrees of negligence of the plaintiff and the defendant by the jury. Our statute mandates that "contributory negligence shall not bar recovery in any action * * * if such negligence was not as great as the negligence of the person against whom recovery is sought

* * *." Section 13–21–111(1), C.R.S.1973. If we insisted upon retaining the requirement that plaintiff be free from contributory negligence or other responsibilities as an element of the *res ipsa loquitur* doctrine, we would effectively erect a complete bar to recovery in cases where a plaintiff must rely on *res ipsa loquitur* to establish a prima facie case of negligence. A plaintiff who, by the circumstances of the case, had to rely on *res ipsa* and who was only slightly negligent would be barred from recovery since his contributory negligence would deny him the application of the *res ipsa loquitur* doctrine. Such a result would be in direct contravention to the concept of comparative negligence.

The fourth element requires that plaintiff be free from contributory negligence or other responsibilities. It is closely analogous to the second element of *res ipsa loquitur*, which requires a finding that it is more likely than not that the defendant's negligence was the cause of the accident, rather than the conduct of the plaintiff or that of a third person.

■ Thus, in addition to the elimination of the fourth element, our holding with regard to the comparative negligence statute requires a modification of the absolute language in the second element insofar as it relates to contributory negligence. It follows that, whenever a court can reasonably find that the event is of the kind which ordinarily would not occur in the absence of someone's negligence and that defendant's inferred negligence was, more probably than not, a cause of the injury, the doctrine of *res ipsa loquitur* applies even though plaintiff's negligent acts or omissions may also have contributed to the injury. Once the trial court rules that the doctrine is applicable, the jury must then compare any evidence of negligence of the plaintiff with the inferred negligence of the defendant and decide what percentage of negligence is attributable to each party.[5]

The judgment is affirmed.

5. The comparison made by the jury must be clearly distinguished from the ruling of the court that the plaintiff is entitled to a presumption of negligence under *res ipsa loquitur*. The

ERICKSON, Justice.

case at bar provides an example of this distinction. Even assuming Gordon was in some way responsible for causing her accident, since the court could find 1) the accident would not ordinarily occur without someone else's negligence, 2) the malfunctioning elevator was a cause of the injury for which Montgomery is responsible, and 3) Montgomery owed a duty to Gordon, Gordon is entitled to a presumption of Montgomery's negligence. The jury then compares Gordon's negligence to the inferred negligence of Montgomery and renders a verdict.

As suggested by Montgomery in its brief, the comparison of negligence by the jury may be more difficult in *res ipsa loquitur* cases than in the usual negligence case since the jury will not have evidence of particular negligent conduct by the defendant. However, the jury will know the general nature of the breach of duty committed by the defendant, such as the general failure to keep an elevator in good working condition. Since the process of comparison of negligence lacks scientific precision, this ruling should not result in an additional undue burden on the jury.