**Jerry GILES and Luba Giles, Plaintiffs-Appellants,**

v.

**PUBLIC SERVICE COMPANY OF COLORADO, a Colorado corporation, Defendant-Appellee.**

**No. 84CA0303.**

Colorado Court of Appeals, Div. I.

July 31, 1986.

The Elliott Law Offices, James E. Elliott, Jr., Arvada, for plaintiffs-appellants.

Kelly, Stansfield & O'Donnell, Jon R. Hilton, Denver, for defendant-appellee.

STERNBERG, Judge.

Jerry and Luba Giles, plaintiffs, appeal from an adverse judgment entered on jury verdict in favor of defendant, Public Service Company of Colorado. We affirm.

Plaintiffs purchased a home in 1977. They had a frequently recurring problem with flooding in their basement. Plaintiffs made several attempts to discover the cause of the flooding, culminating in 1981 when, after tearing out basement walls and ceilings, they observed water entering their basement over the foundation in the southeast corner of their house.

In spring 1982, plaintiffs' laundry drain backed up into the house. They called a plumber who concluded that their sewer pipe was broken. Mr. Giles rented a backhoe and, acting on the plumber's instructions, dug out the pipe. It was discovered that a Public Service gas line crossed the sewer line at the point of breakage.

Plaintiffs brought this suit, alleging that defendant's employees had negligently broken the sewer pipe while installing the gas line in 1966, that the resulting discharge of sewage into their yard caused saturation of the soil, causing the soil surrounding their home to settle, resulting in major structural, functional, and cosmetic damage to the house. After trial, the jury returned a special verdict finding that plaintiffs had sustained damages equivalent to the cost of repairing the sewer line. However, because plaintiffs were found to be ninety-five percent negligent in causing such damages, they obtained no recovery.

On appeal, the plaintiffs first contend that the trial court erred in instructing the jury as to comparative negligence and in giving it the special verdict form which included interrogatories based on comparative negligence principles. We perceive no error.

At trial, plaintiffs had urged application of the doctrine of *res ipsa loquitur* as to the alleged cause of the sewer damage. They now argue that once the trial court had ruled that it would instruct on *res ipsa loquitur*, no comparative negligence instruction should have been given. In support of this position they refer to the statement in *CJI–Civ.2d* 9:17 (1986 Supp.) (Notes On Use) *citing Montgomery Elevator Co. v. Gordon*, 619 P.2d 66 (Colo.1980); in which it is indicated that, in certain circumstances, lack of contributory negligence need not be shown because "any [subsequent] negligence of the plaintiff[s], even though it may have contributed to [their] injuries, *e.g.*, by enhancing them, was causally independent of whatever

events may have caused the instrumentality to bring about the accident."

■ *Montgomery Elevator Co. v. Gordon, supra,* states that upon proof of its elements, the doctrine of *res ipsa loquitur* establishes a rebuttable presumption that a defendant's negligence caused injury. That case also states, however, that other possible causes are not ruled out by the mere fact that a party is entitled to this presumption and that comparative negligence principles apply in the *res ipsa loquitur* situation. Hence, if there is competent evidence to support a comparative negligence instruction, it is not error to give one.

■ There was evidence that, on one occasion, plaintiffs had gone on a vacation without taking precautions against the freezing of their water pipes, that the pipes had burst, and that their basement had flooded. This event could have contributed to damages claimed by plaintiffs, and the question whether it was reasonable to omit such precautions was a jury question. Further, there was conflicting evidence concerning the sewer break from which the jury could reasonably have concluded that, although the sewer pipe was damaged to some extent by installation of the gas line, it remained substantially intact until broken by Mr. Giles when he was attempting to excavate it. Thus, there being competent evidence to support a finding of negligence on the part of plaintiffs, the trial court did not err in instructing the jury on comparative negligence.

■ Plaintiffs next contend that the trial court erred in giving an incomplete instruction on cause. We conclude that the error, if any, was harmless.

Plaintiffs tendered an instruction which reproduced *CJI–Civ.2d* 9:28 (1980) except for the omission of the parenthetical language found therein. The court, however, instructed the jury pursuant to *CJI–Civ.2d* 9:26 (1980). The difference between these instructions is that the former includes language addressing concurrent causes which is not found in the latter. Plaintiffs argue that, as instructed, the jury could have concluded that plaintiffs could not recover if natural drainage was found to be the primary cause of soil subsidence around their residence. If properly instructed, they argue, the jury might have found that sewer water, in combination with natural moisture, provided a causal basis supporting recovery.

However, the jury found that plaintiffs were ninety-five percent negligent in causing the damage to the sewer. Based on our examination of the record, which contains conflicting evidence on this point, we conclude that the jury must have found that Mr. Giles broke the sewer pipe while excavating it. There was no evidence of any other action by either plaintiff which could explain the verdict. If Mr. Giles broke the sewer, sewer effluent could not have caused subsidence of the house. Moreover, the record contains competent evidence, given by plaintiffs' witnesses, that natural drainage had caused flooding and subsidence problems with other homes located in close proximity to plaintiffs' and that the moisture levels in plaintiffs' soil were extremely high almost one year after the sewer was repaired.

In these circumstances, we conclude that the giving of the instruction complained of here, was not "inconsistent with substantial justice," C.R.C.P. 61, and was, at most, harmless error.

Other contentions raised by plaintiffs are disposed of by the foregoing analysis.

The judgment is affirmed.

PIERCE and METZGER, JJ., concur.