2014 CO 78

**James B. CHAPMAN, M.D., Petitioner**

**v.**

**Carolyn K. HARNER, Respondent.**

**Supreme Court Case No. 13SC72**

Supreme Court of Colorado.

December 8, 2014

Attorneys for Petitioner: Jaudon & Avery LLP, David H. Yun, Jared R. Ellis, Denver, Colorado.

Attorneys for Respondent: Hutchinson Black and Cook, LLC, Baine P. Kerr, Keith M. Edwards, Boulder, Colorado.

Attorneys for Amicus Curiae the Colorado Medical Society: Martin Conklin P.C., John L. Conklin, Jerome R. Geraghty, Denver, Colorado.

Attorneys for Amicus Curiae HCA–HealthOne: Davis Graham & Stubbs LLP, Andrew M. Low, John M. Bowlin, Denver, Colorado.

Attorneys for Amicus Curiae Colorado Defense Lawyers Association: Fennemore Craig, P.C., Troy R. Rackham, Maureen Weiland, Denver, Colorado.

Attorneys for Amicus Curiae the Regents of the University of Colorado: Office of University Counsel, Patrick T. O'Rourke, Nike L. Fleming, Denver, Colorado.

Attorneys for Amicus Curiae the Colorado Trial Lawyers Association: Leventhal, Brown & Puga, P.C., David P. Mason, Henry Miniter, Benjamin I. Sachs, Denver, Colorado, Parker Lipman LLP, Lorraine E. Parker, Denver, Colorado.

CHIEF JUSTICE RICE delivered the Opinion of the Court.

¶1 This case requires us to determine whether the doctrine of res ipsa loquitur shifts the burden of proof to the defendant, as we held in *Weiss v. Axler*, 137 Colo. 544, 559, 328 P.2d 88, 96–97 (1958), or whether it shifts only the burden of production, in accordance with the more recently adopted Colorado Rule of Evidence ("CRE") 301.[1] While the court of appeals felt compelled to follow *Weiss* and disregard CRE 301 in the absence of any clear statements by this Court overruling our precedent, it specifically requested that we consider and resolve the tension between the two. *Harner v. Chapman*, 2012 COA 218, ¶20, —— P.3d ——. After considering the various conflicting authorities on this subject, we conclude that CRE 301 represents the better approach to burden-shifting under res ipsa loquitur. We therefore hold that CRE 301's general guidelines regarding rebuttable presumptions apply to res ipsa loquitur, and thus that the burden of proof remains on the plaintiff throughout a case involving res ipsa loquitur. To that end, we hereby overrule *Weiss* and its progeny to the extent that they hold otherwise. Accordingly, we reverse the judgment of the court of appeals and remand the case to that court to consider Respondent's remaining arguments.

## I. Facts and Procedural History

¶2 Several hours after receiving an angiogram performed by Defendant–Petitioner Dr. James B. Chapman ("Petitioner"), Dr. Lynn Harner died. Dr. Harner's wife, Plaintiff–Respondent Carolyn K. Harner ("Respondent"), subsequently sued Petitioner for medical malpractice. In order to receive the benefit of a rebuttable presumption of negligence under res ipsa loquitur, Respondent argued via expert testimony that her husband's aortic arch was punctured during the procedure, that such a puncture would not ordinarily occur absent negligence, and that it was more likely than not that the negligence of Petitioner (or someone whom he was responsible for) caused the injury. As is pertinent to this appeal, the trial court instructed the jury regarding res ipsa loquitur but refused to instruct the jury that if it found that res ipsa loquitur applied, it must find for Respondent unless Petitioner proved by a preponderance of the evidence that he was not negligent. The trial court acknowledged *Weiss*, in which this Court declared that "[t]he doctrine of res ipsa loquitur creates a compulsive presumption of negligence which continues to exist until the defendant has satisfied the [fact-finder] by a preponderance of the evidence that he was not negligent." 137 Colo. at 559, 328 P.2d at 96–97. It reasoned, however, that the 1979 adoption of CRE 301 controlled. CRE 301 states:

> In all civil actions and proceedings not otherwise provided for by statute or by these rules, a presumption imposes upon the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but does not shift to such party the burden of proof in the sense of the risk of non-persuasion, which remains throughout the trial upon the party on whom it was originally cast.

The trial court therefore instructed the jury that it must consider the presumption of

---

1. Specifically, we granted certiorari to consider: "Whether the court of appeals erred in holding, based on *Weiss v. Axler*, that res ipsa loquitur shifts the burden of proof to the defendant de-spite the adoption of C.R.E. 301, which provides that 'a presumption . . . does not shift . . . the burden of proof.'"

negligence triggered by res ipsa loquitur alongside all the other evidence, but it did not instruct the jury that the doctrine shifted the burden of proof onto Petitioner. Under these instructions, the jury found that Petitioner did not negligently cause Respondent's husband's death.

¶ 3 Respondent appealed, and the court of appeals reversed. It held that the trial court erred by "refusing to instruct the jury, pursuant to still binding Colorado Supreme Court precedent, that the res ipsa loquitur doctrine shifts to the defendant the burden of proving by a preponderance of the evidence that he was not negligent," and that the error was not harmless. *Harner*, ¶ 3. But despite remanding the case to the trial court for a new trial, *id.* at ¶ 5, the court of appeals recognized the inconsistency "between CRE 301 and the court's long-standing precedent that the res ipsa loquitur doctrine shifts the burden of proof to the defendant" and urged us to examine and resolve this tension, *id.* at ¶ 3. Because the court of appeals sided with Respondent regarding the res ipsa loquitur burden-shifting instruction, it declined to consider her additional arguments concerning the trial court's jury instructions on informed consent and assumption of the risk. Petitioner subsequently petitioned this Court for certiorari, which we granted.

## II. Standard of Review

¶ 4 We review a trial court's decision to give a particular jury instruction for an abuse of discretion, but we review de novo whether a given jury instruction correctly states the law. *Day v. Johnson*, 255 P.3d 1064, 1067 (Colo. 2011).

## III. Analysis

¶ 5 Res ipsa loquitur is a common-law evidentiary rule that creates a rebuttable presumption that the defendant was negligent. *Kendrick v. Pippin*, 252 P.3d 1052, 1061 (Colo. 2011), *abrogated on other grounds by Bedor v. Johnson*, 2013 CO 4, 292 P.3d 924. For res ipsa loquitur to apply, the plaintiff must establish that it is more probable than not that: "(1) the event is of the kind that ordinarily does not occur in the absence of negligence; (2) responsible causes

other than the defendant's negligence are sufficiently eliminated; and (3) the presumed negligence is within the scope of the defendant's duty to the plaintiff." *Id.* The issue at hand is what effect the doctrine should have once a plaintiff establishes that it applies. While Respondent contends that, under *Weiss*, res ipsa loquitur shifts the burden of proof to the defendant to show by a preponderance of the evidence that he was not negligent, Petitioner asserts that it merely shifts the burden of production under the general guidelines for rebuttable presumptions provided by CRE 301. We set about resolving this tension below and initially determine that Colorado precedent is unclear on the issue. Then, after examining extrajurisdictional precedent and the policies behind each view of res ipsa loquitur's burden-shifting effect, we ultimately decide that CRE 301 represents the better approach.

## A. Existing Case Law Does Not Resolve the Tension Between CRE 301 and *Weiss*

¶ 6 Our decades-old precedent set in *Weiss* and the more recently adopted CRE 301 are clearly in tension. We held in *Weiss* that "[t]he doctrine of res ipsa loquitur creates a compulsive presumption of negligence which continues to exist until the defendant has satisfied the [fact-finder] by a preponderance of the evidence that he was not negligent." 137 Colo. at 559, 328 P.2d at 96–97. But we have also repeatedly held that res ipsa loquitur is a rebuttable presumption, *see, e.g., Kendrick*, 252 P.3d at 1061; *Stone's Farm Supply, Inc. v. Deacon*, 805 P.2d 1109, 1114 (Colo. 1991), and CRE 301 states that rebuttable presumptions do not shift the burden of proof unless "otherwise provided for by statute or by [the Colorado Rules of Evidence]." No such alternate provision is made for res ipsa loquitur.

¶ 7 Nor does our existing case law regarding the proper allocation of the burden of proof under res ipsa loquitur resolve this tension. Although the parties each cite several cases decided after the adoption of CRE 301 in support of their respective positions, our examination of Colorado case law merely highlights the confusion surrounding the

proper allocation of the burden of proof once a plaintiff establishes a prima facie case of res ipsa loquitur.

¶ 8 Respondent supports her position that *Weiss* still controls the burden of proof under res ipsa loquitur chiefly through a footnote in *Stone's Farm*, a concurrence in *Kendrick*, and the court of appeals' opinion in *Ochoa v. Vered*, 212 P.3d 963 (Colo. App. 2009). We consider each in turn.

¶ 9 *Stone's Farm* provides the best support for Respondent's position. In that case, we considered primarily whether the trial court had jurisdiction over one of the defendants in an action by farmers against distributors of harmful potato fertilizer. 805 P.2d at 1112. Initially, we determined that the plaintiffs' res ipsa loquitur claim was a misstated general negligence claim. *Id.* at 1114. Then, after identifying res ipsa loquitur as an evidentiary rule rather than a substantive claim for relief, we included the following footnote: "*Res ipsa loquitur* allows an inference of breach of duty and causation, and *requires the defendant to prove by a preponderance of the evidence that he was not negligent.*" *Id.* at ·1114 n.10 (second emphasis added) (citing *Weiss*, 137 Colo. 544, 328 P.2d 88). This footnote is dicta, however, since we ultimately held that the trial court correctly required the defendant to come forward with exculpatory evidence to rebut res ipsa loquitur's presumption of negligence, which the defendant failed to do. *See id.* at 1114. Therefore, the defendant failed to meet both the burden of proof and the lower burden of production and so would have lost under either view of res ipsa loquitur's burden-shifting effect. Additionally, we did not even address CRE 301 in *Stone's Farm*, meaning this footnote cannot be viewed as a calculated resolution of the burden-shifting issue.

¶ 10 In *Kendrick*, we upheld the trial court's rejection of the plaintiff's proposed res ipsa loquitur instruction. 252 P.3d at 1060–61. Although we cited *Stone's Farm* for the proposition that res ipsa loquitur "establishes a rebuttable presumption that the defendant was negligent," we made no mention of the proper allocation of the bur-

den of proof in such cases. *See id.* If anything, this language identifies res ipsa loquitur as a rebuttable presumption and thus supports placing it within the gamut of CRE 301's general rules regarding such presumptions. Respondent seeks support in the concurring opinion, however, in which Justice Martinez cited *Stone's Farm* for the proposition that res ipsa loquitur is "a presumption that shifts the burden to the defendant to prove that he or she was not negligent." *Id.* at 1069 (Martinez, J., concurring in the judgment) (citing *Stone's Farm*, 805 P.2d at 1114). These two references to *Stone's Farm* in *Kendrick* serve only to highlight the lack of consensus regarding the issue at hand: The concurring opinion serves no precedential value and cannot be properly viewed as this Court upholding the viability of *Weiss* after CRE 301 was adopted; meanwhile, the opinion itself provides no real guidance on burden-shifting.

¶ 11 Finally, Respondent cites *Ochoa* as binding court of appeals precedent instructing trial courts to follow *Weiss* by issuing the burden-shifting instruction. As is pertinent here, the court of appeals in *Ochoa* rejected the defendant's argument that the trial court had improperly shifted the burden of proof onto him through a res ipsa loquitur instruction. 212 P.3d at 969–70. Initially, Respondent correctly asserts that *Ochoa* is binding upon trial courts as a published court of appeals opinion that was denied certiorari. *See Martin v. Dist. Court in & for Montrose Cnty.*, 191 Colo. 107, 109, 550 P.2d 864, 865 (1976). But while Respondent would have us read this rejection as ,an affirmative endorsement of the burden-shifting approach from *Weiss*, the *Ochoa* court made no such endorsement. Rather, it simply recognized the tension between *Stone's Farm* (and thus impliedly *Weiss*) and CRE 301. *Ochoa*, 212 P.3d at 970. Specifically, the court cited the *Stone's Farm* footnote discussed above and determined that "any tension between [*Stone's Farm*] and [CRE] 301 must be resolved by the supreme court." *Id.* Because this issue was unsettled, the court of appeals held that the trial court did not abuse its discretion [2] by giving a burden-shifting res

---

**2.** It is worth noting that the *Ochoa* court erred

insofar as it applied an abuse-of-discretion stan-

ipsa loquitur instruction. *Id.* Thus, *Ochoa* cannot be properly read as endorsing *Weiss* over CRE 301.

¶ 12 Petitioner's proffered cases similarly do little but convince us of the ongoing tension between *Weiss* and CRE 301. Petitioner relies principally on three Colorado cases—*Montgomery Elevator Co. v. Gordon,* 619 P.2d 66 (Colo. 1980), *Hartford Fire Insurance Co. v. Public Service Co. of Colorado,* 676 P.2d 25 (Colo. App. 1983), and *Krueger v. Ary,* 205 P.3d 1150 (Colo. 2009)—as affirming that CRE 301 has superseded *Weiss.* We conclude that these cases are also insufficient to resolve the issue.

¶ 13 In *Montgomery Elevator,* we described the effect of res ipsa loquitur as follows: "If the elements are established, a jury is permitted to presume that the defendant was negligent. This presumption *may be rebutted by evidence* showing that the event resulting in the plaintiff's injuries was not due to any negligence on [the] defendant's part." 619 P.2d at 68–69 (emphasis added) (citing *Graf v. Tracy,* 194 Colo. 1, 568 P.2d 467 (1977)). We followed this statement with a footnote: "CRE. 301; *contra, Weiss v. Axler,* 137 Colo. 544, 328 P.2d 88 (1958)." *Montgomery Elevator,* 619 P.2d at 69 n.3. Meanwhile, *Graf,* which we issued before the adoption of CRE 301, cited *Weiss* while noting that "[i]n Colorado the doctrine has been held to give rise to a rebuttable presumption of the defendant's negligence." *Graf,* 194 Colo. at 3, 568 P.2d at 468 (considering the applicability of res ipsa loquitur to a comparative negligence situation). As this chain of citations indicates, *Montgomery Elevator* does not clearly endorse either *Weiss* or CRE 301 but simply confirms the confused state of our precedent on this issue.

¶ 14 Petitioner also relies on *Hartford Fire.* Although this case most clearly endorses Petitioner's position by opining that jury instructions on res ipsa loquitur should conform to CRE 301, this statement was likely dicta given that the judgment resulted

from the trial court's failure to give a res ipsa loquitur instruction. *See Hartford Fire,* 676 P.2d at 30. Regardless, as a court of appeals decision, it is insufficient alone to resolve the question of whether CRE 301 abrogated our once-binding opinion in *Weiss.*

¶ 15 Finally, Petitioner relies on *Krueger.* While *Krueger* supplies a description of the general effect of rebuttable presumptions, it is not about res ipsa loquitur but instead considers the presumptions of undue influence and unfairness. 205 P.3d at 1154. Since Respondent's central premise is that res ipsa loquitur is (or should be) unique among rebuttable presumptions, *Krueger* is of little value at this point in the analysis.

¶ 16 After considering the few cases decided after the adoption of CRE 301 that arguably considered the burden of proof under res ipsa loquitur, we find no sufficiently controlling precedent upon which we may hang our decision. We must therefore choose which path to follow.

## B. CRE 301 Represents a Sounder Evidentiary Rule Than Does *Weiss*

¶ 17 Since our precedent does not settle the issue at hand, we must choose which view of res ipsa loquitur's burden-shifting effects will best serve Colorado going forward. We first examine *Weiss* in detail and determine that it was wrongly decided due to improperly comingled legal principles. We then consider the policies behind the divergent views of the burden-shifting effect of res ipsa loquitur and decide that the approach contemplated by CRE 301 represents the better policy.

### 1. *Weiss* Resulted from Improperly Comingled Legal Principles

¶ 18 After examining *Weiss* and its extensive analysis of prior authority, we determine that *Weiss* improperly conflated the burden-shifting analysis from arcane common-carrier cases, which shifted the burden of proof onto

dard of review to the question of whether the given jury instruction correctly stated the law on res ipsa loquitur. Although abuse of discretion is the proper standard regarding a trial court's decision whether to issue a jury instruction, the question of whether the issued jury instruction

properly states the law should be reviewed de novo. *See supra* Part II. Nevertheless, because the court of appeals did use an abuse-of-discretion standard, and because it expressly declined to resolve the tension, this case cannot be properly read as endorsing one view or the other.

common-carrier defendants at the outset, with the then-existing res ipsa loquitur jurisprudence, which did not shift the burden of proof once a plaintiff had proven a prima facie case of negligence through res ipsa loquitur.

¶ 19 We issued *Weiss* in 1958—seven years before the Restatement (Second) of Torts disapproved of its burden-shifting approach and twenty-one years before Colorado adopted CRE 301 in 1979. *See* Restatement (Second) of Torts § 328D (1965) (hereinafter "Restatement"). At that time, we determined that it was necessary to review the varied cases involving res ipsa loquitur and then "remove existing confusion and ... state a formulary for the use of the doctrine." *Weiss,* 137 Colo. at 548, 328 P.2d at 91. Thus, we embarked on a sweeping review of previous Colorado cases addressing res ipsa loquitur and determined that most cases shifted the burden of proof onto the defendant upon a showing that res ipsa loquitur applied. *Id.* at 549–53, 328 P.2d at 91–93. Critically, however, we performed this review without the benefit of the Restatement's admonition regarding res ipsa loquitur:

> In its inception the principle of res ipsa loquitur was merely a rule of evidence, permitting the jury to draw from the occurrence of an unusual event the conclusion that it was the defendant's fault. Shortly after its origin, however, it became confused, in cases of injuries to passengers at the hands of carriers, with the older rule which placed the burden of proof upon the carrier to show that its negligence had not caused the injury. This confusion resulted in a great deal of disagreement among the courts as to the application of the principle and its procedural effect.

*Restatement,* § 328D cmt. a (citation omitted). In *Weiss,* it appears that we too fell into this trap, reading the burden-shifting in common carrier cases as the result of res ipsa loquitur's application. 137 Colo. at 549–51, 328 P.2d at 91–93. Specifically, the three cases we addressed in detail in *Weiss* all involved common carriers. *See Kansas Pac. Ry. Co. v. Miller,* 2 Colo. 442, 457 (1874) (holding that the defendant railway company bore the burden of showing that

there was no negligence on its part where, "instead of carrying the [passenger] safely over its road, as the defendant had contracted to do, [the passenger was] killed by the breaking down of a bridge, which [formed] part of [the defendant's] roadway" because "it is the duty of the company to use the highest degree of care to have all their arrangements safe and in good condition"); *Wall v. Livezay,* 6 Colo. 465, 469–70 (1882) ("When, therefore, an injury happens to a passenger from an accident to the vehicle or other means of transportation employed, until explained it is presumable that it happened for want of due care on the part of the carrier"; in such cases "[i]t devolves upon the carrier then to rebut this presumption by evidence that he exercised the greatest degree of diligence practicable under the circumstances."); *Sanderson v. Frazier,* 8 Colo. 79, 80–81, 5 P. 632, 636 (1885) (applying the common carrier burden-shifting rule from *Livezay* to a commercial coach line).

¶ 20 Additionally, the defendants in most of the cases that *Weiss* further cited in support of its holding were also common carriers. *See Weiss,* 137 Colo. at 551, 328 P.2d at 92–93 (collecting cases). While the burden-shifting approach may have bled over into a few non-common carrier cases before *Weiss* was decided, *see, e.g., Gylling v. Hinds,* 122 Colo. 345, 347–51, 222 P.2d 413, 414–15 (1950) (approving of a jury verdict that seemingly shifted the burden of proof to the defendant in a case about a collapsed roof in a potato cellar but never addressing the burden of proof specifically because the defendant offered no relevant evidence), on balance *Weiss* was incorrectly decided because it conflated common-carrier presumptions and res ipsa loquitur when it determined that res ipsa loquitur shifts the burden of proof to the defendant under Colorado law. Because *Weiss* was wrongly decided, we now must determine which view of res ipsa loquitur's burden-shifting effect will best serve Colorado.

### 2. CRE 301 Represents the Better Approach

■ ¶ 21 After considering extra-jurisdictional precedent and the policies behind each

view of res ipsa loquitur's burden-shifting effects, we conclude that CRE 301 represents the better approach.[3] Not only does keeping the burden of proof on the plaintiff throughout cases involving res ipsa loquitur comport with the majority of other jurisdictions' treatment of the doctrine, but it also represents better policy.

¶ 22 As the Restatement points out, "the great majority of the courts ... treat res ipsa loquitur as creating nothing more than a permissible inference," while others give it "the effect of a presumption, which requires a directed verdict for the plaintiff if the defendant offers no evidence to rebut it," and "[a]n even smaller number treat [it] as imposing the burden of proof upon the defendant." § 328D cmt. m. Colorado courts have repeatedly held res ipsa loquitur to be a rebuttable presumption, and we see no reason to deviate now. *See, e.g., Kendrick,* 252 P.3d at 1061; *Stone's Farm,* 805 P.2d at 1114.

¶ 23 Regarding whether the burden of proof shifts, however, our examination of the law in other jurisdictions reveals that the burden-shifting approach approved by *Weiss* is indeed a fringe position. In fact, the parties have directed us to only four jurisdictions in which this burden-shifting rule arguably remains entrenched, and we can find no others. *See Schmidt v. Gibbs,* 305 Ark. 383, 807 S.W.2d 928, 931 (1991); *Wellington Assocs., Inc. v. Capital Fire Prot. Co.,* 594 A.2d 1089, 1092 (Me. 1991); *Woosley v. State Farm Ins. Co.,* 117 Nev. 182, 18 P.3d 317, 321 (2001); *Kemper v. Builder's Square, Inc.,* 109 Ohio App.3d 127, 671 N.E.2d 1104, 1110

(1996). The remaining jurisdictions that recognize res ipsa loquitur regard it as a permissible inference or a rebuttable presumption shifting only the burden of production. Additionally, the U.S. Supreme Court explicitly rejected the proposition that res ipsa loquitur shifts the burden of proof over 100 years ago. *Sweeney v. Erving,* 228 U.S. 233, 238, 33 S.Ct. 416, 57 L.Ed. 815 (1913) ("[I]n cases where [res ipsa loquitur] does apply, it has not the effect of shifting the burden of proof."). While none of this precedent can lead us down one path or the other, it provides a persuasive map in light of our own precedent's unnavigability.

¶ 24 Furthermore, keeping the burden of proof on the plaintiff throughout is better public policy. First, fitting res ipsa loquitur within CRE 301's general schema of rebuttable presumptions unifies the state and federal effects of the presumption, "thus achieving a desirable degree of uniformity and simplicity." CRE 301 committee cmt. Second, despite Respondent's contention to the contrary, treating res ipsa loquitur as a rebuttable presumption without shifting the burden of proof does not turn it into an "illusory remedy." Medical malpractice plaintiffs have ample opportunity to perform factual discovery, both through documents and depositions, to determine what happened during a procedure even if they were unconscious at the time. *See, e.g.,* C.R.C.P. 30, 33, 34, 36. Though they cannot discover documentation from peer reviews or quality management programs, *see* §§ 12–36.5–104(10), 25–3–109(3) and (4), C.R.S. (2014), they can still discover the facts underlying these internal investigations and then hire

---

**3.** Respondent makes much of the court of appeals' statement that "the proper allocation of the burden of proof is a substantial right of the parties," *Harner,* ¶ 26, arguing that res ipsa loquitur provides a substantive right to have the burden of proof shift and thus that CRE 301 cannot apply. *See* § 13–25–128, C.R.S. (2014) (indicating that the rules of evidence "shall not be construed in such manner that such rules would fix, abridge, enlarge, modify, or diminish any substantive rights"). But "substantial" is not "substantive," and res ipsa loquitur is merely an evidentiary rule. *See Stone's Farm,* 805 P.2d at 1114. As other jurisdictions have noted, res ipsa loquitur does not create a substantive right. *See Carlos v. MTL, Inc.,* 77 Hawai'i 269, 883 P.2d 691, 699 (App.1994) (recognizing that "Hawai'i

is in line with the majority of American jurisdictions which treat the doctrine as purely a procedural or evidentiary rule, rather than a substantive rule"); *Mails v. Kansas City Pub. Serv. Co.,* 51 F.Supp. 562, 565 (W.D. Mo. 1943) ("Res ipsa loquitur ... is a rule of evidence and not a substantive right."); *Roberts v. Weber & Sons, Co.,* 248 Neb. 243, 533 N.W.2d 664, 667 (1995) (noting that "res ipsa loquitur is not a matter of substantive law, but ... is a procedural matter"); *Konicki v. Lawrence,* 475 A.2d 208, 210 (R.I. 1984) ("Res ipsa loquitur is not a rule of either procedural or substantive tort law, but only ... a rule of evidence." (internal quotation marks omitted)). Thus, applying CRE 301 to res ipsa loquitur does not run afoul of section 13–25–128.

their own experts to make sense of the data. The effect of res ipsa loquitur as a rebuttable presumption adequately corrects any lingering informational disparity. As we have previously indicated, even when the defendant satisfies the shifted burden of production and destroys the presumption of negligence with evidence that the trial court deems legally sufficient, a permissible inference remains that the jury may add to otherwise inadequate evidence in order to tip the scales in favor of the plaintiff. *Krueger*, 205 P.3d at 1154.

¶ 25 Accordingly, we hold that CRE 301 applies to the res ipsa loquitur doctrine in Colorado; thus, satisfying res ipsa loquitur's elements creates a rebuttable presumption that "imposes upon the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption, but ... the burden of proof in the sense of the risk of non-persuasion ... remains throughout the trial upon the" plaintiff. CRE 301. Like other rebuttable presumptions, res ipsa loquitur shifts to the defendant only the burden of producing legally sufficient evidence—the burden of proof always remains on the plaintiff. *See Krueger*, 205 P.3d at 1154 (describing the effects of a rebuttable presumption). If the defendant satisfies that burden of production, the presumption is destroyed and only a permissible inference of negligence remains. *Id.* The jury may consider this inference alongside the other evidence in determining whether the plaintiff satisfied his burden to prove that the defendant was negligent, but it is not required to do so, and the trial court has discretion to determine whether or not to instruct the jury on the remaining permissible inference. *Id.* at 1152. To the extent that *Weiss, Stone's Farm,* or any other previously decided case holds to the contrary, these cases are hereby overruled.

### IV. Conclusion

¶ 26 After determining that Colorado authority was irreconcilably conflicted concerning the proper allocation of the burden of proof in res ipsa loquitur cases, we hold that CRE 301 controls. Therefore, satisfying the elements of res ipsa loquitur initially creates a presumption of negligence and shifts the burden of production onto the defendant, but the burden of proof remains on the plaintiff throughout. Inasmuch as *Weiss, Stone's Farm,* or any other case can be read as holding that the burden of proof shifts to the defendant upon a proper showing of res ipsa loquitur, these cases are hereby overruled. Accordingly, we reverse the judgment of the court of appeals and remand the case to that court for further proceedings consistent with this opinion.