The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
September 9, 2021

## 2021COA122

**No. 20CA0621, *Cummings v. Arapahoe Cnty. Sheriff's Office* — Government — County Officers — Sheriff — Deputies**

A division of the court of appeals applies the holding from *Cummings v. Arapahoe County Sheriff's Department*, 2018 COA 136, to a sheriff's personnel policy granting notice of an investigation and provides guidance as to the scope of *Cummings* and section 30-10-506, C.R.S. 2020. Because the subject policy did not effectuate the specific right section 30-10-506 grants a deputy — the right to notice "of the reason for the proposed revocation" of his employment — the division concludes the policy was not contractually binding. Accordingly, the district court erred by instructing the jury to consider the sheriff's compliance with the policy in determining whether he breached an implied employment contract.

COLORADO COURT OF APPEALS                                      2021COA122

Court of Appeals No. 20CA0621
Arapahoe County District Court No. 16CV32444
Honorable Kenneth M. Plotz, Judge

Michael Cummings,

Plaintiff-Appellee,

v.

Arapahoe County Sheriff's Office and Tyler S. Brown, in his capacity as Sheriff
of Arapahoe County,

Defendants-Appellants.

JUDGMENT REVERSED

Division VII
Opinion by JUDGE FOX
Dunn and Pawar, JJ., concur

Prior Opinion Announced August 5, 2021, <u>WITHDRAWN</u>

OPINION PREVIOUSLY ANNOUNCED AS "NOT PUBLISHED PURSUANT TO
C.A.R. 35(e)" ON August 5, 2021, IS NOW DESIGNATED FOR PUBLICATION

Announced September 9, 2021

Mark S. Bove, P.C., Mark S. Bove, Greenwood Village, Colorado, for Plaintiff-
Appellee

Ronald A. Carl, County Attorney, Erin L. Powers, Senior Assistant County
Attorney, Daniel C. Perkins, Senior Assistant County Attorney, Rebecca M.
Taylor, Assistant County Attorney, Littleton, Colorado, for Defendants-
Appellants

¶ 1 Defendants, the Arapahoe County Sheriff's Office and Tyler S. Brown (collectively, the Sheriff), appeal the judgment entered on a jury verdict finding them liable for breaching an implied employment contract with former deputy Michael Cummings. Specifically, the Sheriff argues that the district court erred by (1) instructing the jury to consider whether he violated section 306(I)(4) of the Sheriff's Policy and Procedure Manual (the Manual); and (2) denying his post-trial motion to enter judgment for the Sheriff notwithstanding the verdict. The Sheriff also invites us to reconsider the holding in *Cummings v. Arapahoe County Sheriff's Department*, 2018 COA 136 (*Cummings I*), which decided the Sheriff's pretrial interlocutory appeal. While we decline to revisit *Cummings I*, we agree with the Sheriff that the district court erred by instructing the jury to consider whether he violated section 306(I)(4) and therefore reverse the judgment.

## I.     Background

¶ 2 Cummings developed and taught a specialized driver training course entitled Vehicle Counter Ambush Techniques (VCAT). After Cummings taught the VCAT course in June 2015, a lieutenant filed a complaint alleging Cummings violated numerous policies,

1

including a policy entitled "ADM 310.A.2 Truthfulness," while instructing. Cummings then received a notice of complaint from the Internal Affairs Section of the Arapahoe County Sheriff's Office (IAS) that read, in relevant part, as follows:

> From June 14, 2015 to June 17, 2015, Sergeant Michael Cummings was the lead instructor for a [VCAT] class taught at the Arapahoe County Sheriff's office driving track. It is alleged [that] Sergeant Cummings used his personal vehicle as part of training scenarios on the track without authorization, did not report damage to county vehicles, and did not ensure all county vehicles used for training were inspected by the County Shops afterwards. It is also alleged that Sergeant Cummings allowed the use of "NOVA" rounds without notifying [Sheriff's office] personnel in the area who were not part of his class . . . .
>
> Possible policy violations include:
>
> 310.A.1-Obedience of Laws, Directives and Orders
> 310A.2-Accountability and Responsibility
> 310A.6-Conduct Unbecoming of a Member or Auxiliary
> 510-General Vehicle Operations
> 402-Driving Training/Driving Facility

¶ 3 IAS investigated these allegations, provided the investigatory file to Cummings, met with Cummings in person to discuss the allegations, and later issued a memo concluding that, while Cummings did not violate policy "310A.2-Accountability and

2

Responsibility," he violated three other policies. The memo proposed to demote Cummings in rank to "Deputy C."

¶ 4    Cummings appealed the IAS decision to a disciplinary hearing panel, which held a hearing in November 2015 to consider all the information in Cummings' investigatory file, including whether Cummings had been untruthful. After considering the testimony, including Cummings' statements and additional evidence after the hearing, the panel concluded that Cummings should be terminated because he was untruthful during the investigatory process. After additional review, the Sheriff upheld the panel's recommendation and fired Cummings shortly thereafter.

¶ 5    Cummings sued the Sheriff, asserting, among other things, that the written employment policies in the Manual constituted an implied employment contract that the Sheriff breached when he fired Cummings. Specifically, Cummings alleged that, while the Sheriff supplied the reasons for the initial IAS investigation, the Sheriff did not afford him notice of the charges that eventually led to his termination and thus denied him an adequate opportunity to defend himself. After the district court denied the Sheriff's motion to dismiss the implied contract claim, the Sheriff moved for

summary judgment, contending that (1) the at-will language in section 30-10-506, C.R.S. 2020, prevented him from promulgating binding personnel policies; (2) the Manual's disclaimers, coupled with separate disclaimers that Cummings signed annually, precluded any implied contract claim; and (3) he had not violated the Manual's policies.

¶ 6    The district court held that the Manual created an implied contract of employment and denied the Sheriff's motion for summary judgment. The Sheriff immediately appealed, and a division of this court held that, while section 30-10-506 grants deputies "the right of notification 'of the reason for the proposed revocation' of their employment, and 'an opportunity to be heard by the sheriff' before their employment is terminated," the statute does not make other personnel policies binding unless the sheriff elects to make them so. *Cumming*s *I*, ¶ 6 (quoting § 30-10-506). Accordingly, the division affirmed the district court's "denial of summary judgment with respect to the specific rights granted by section 30-10-506, but otherwise reverse[d] the court's denial of summary judgment on Cummings' implied contract claim." *Id.* at ¶ 7.

¶ 7       After Cummings rested his case-in-chief at trial, the Sheriff

moved for a directed verdict.  The Sheriff argued that Cummings

had "failed to set forth evidence that he was deprived of either

notice of the proposed reasons for his termination or the

opportunity to be heard[,] or that . . . the [S]heriff failed to follow

specific provisions in the policy manual that deprived him of either

of those."  The district court held that Cummings had made a prima

facie case that the Sheriff did not give him adequate notice of the

charges that eventually led to his termination but dismissed

Cummings' claims "regard[ing] . . . the issue of [a] fair hearing."

¶ 8       After the close of evidence, Cummings asked the district court

to instruct the jury to consider whether the Sheriff complied with

section 306(I)(4) of the Manual — requiring the Sheriff to provide a

notice of complaint to employees under IAS investigation outlining,

among other things, the allegations against them and "[a] list of

possible Code of Conduct violations."  The Sheriff responded that

the court should not reference section 306(I)(4) in the jury

instructions because that section does not effectuate the language

of section 30-10-506.  The Sheriff argued that, while section 30-10-

506 requires sheriffs to notify deputies "of the reason for the

5

proposed revocation," section 306(I)(4) merely concerns notifying deputies who are under investigation. The district court rejected the Sheriff's argument and included section 306(I)(4) in the jury instructions.

¶9 The jury found that the Sheriff complied with the Manual's section 306(M)(4) (notice of proposed revocation) but failed to comply with section 306(I)(4) (notice of investigation) and awarded Cummings $153,578 in damages. The Sheriff moved for judgment notwithstanding the verdict, arguing that (1) the jury's verdict that the Sheriff did not violate section 306(M)(4) mandated judgment in his favor as a matter of law; (2) the district court improperly included section 306(I)(4) in the jury instructions; and (3) the district court should reduce Cummings' damages to $1.00 because his alleged breach of section 306(I)(4) could not have caused those damages. The district court denied the motion, holding that Cummings provided adequate evidence "from which a finder of fact could reasonably find that the notice of reasons for termination were insufficient and thus find that [the Sheriff] violated [Cummings'] due process rights under the law." This appeal followed.

## II.    We Decline to Revisit *Cummings I*

¶ 10    The Sheriff invites us to revisit *Cummings I*.  We decline to reconsider that decision.

¶ 11    The doctrine of the law of the case is a discretionary rule of practice directing that prior relevant rulings made in the same case generally are followed.  *DeForrest v. City of Cherry Hills Village*, 990 P.2d 1139, 1142 (Colo. App. 1999).  "[C]onclusions of an appellate court on issues presented to it as well as rulings logically necessary to sustain such conclusions become the law of the case."  *Hardesty v. Pino*, 222 P.3d 336, 340 (Colo. App. 2009) (quoting *Super Valu Stores, Inc. v. Dist. Ct.*, 906 P.2d 72, 78–79 (Colo. 1995)).

¶ 12    But, in a later appeal,

> when the decision in question issued from the same appellate court, a different division of that court may exercise its discretion and decline to apply the law of the case doctrine, . . . only "if it determines that the previous decision is no longer sound because of changed conditions or law, or legal or factual error, or if the prior decision would result in manifest injustice."

*Saint John's Church in Wilderness v. Scott*, 2012 COA 72, ¶ 9 (quoting *Vashone-Caruso v. Suthers*, 29 P.3d 339, 342 (Colo. App. 2001)).

¶ 13     The Sheriff argues that, in *Cummings I,* the division's interpretation of section 30-10-506 erroneously "mandate[d] the creation of an implied contract . . . despite the lack of statutory language suggesting or warranting a contractual remedy and despite the parties expressly disclaiming any intent to be bound." The Sheriff is correct that section 30-10-506 does not expressly prescribe a contractual remedy if a sheriff violates the due process rights of a deputy.  However, the division in *Cummings I* determined that the General Assembly legislatively overruled, at least in part, the supreme court's decision in *Seeley v. Board of County Commissioners,* 791 P.2d 696, 698-700 (Colo. 1990), which declined to recognize an implied breach of employment contract claim where a deputy alleged "violation of an employee manual promulgated by [the sheriff] which contained disciplinary and termination procedures."[1]

¶ 14     *Cummings I* reasonably concluded that, because the General Assembly's intent in amending section 30-10-506 was to overturn

---

[1] Despite the Sheriff's request, the Colorado Supreme Court declined to review *Cummings I.  Arapahoe Cnty. Sheriffs Dep't v. Cummings,* No. 18SC730, 2019 WL 2178081 (Colo. May 20, 2019) (unpublished order).

8

*Seeley*, sheriffs' departments must adopt some personnel policies, and to the extent those policies effectuate the specific due process provisions of the statute, violation of those policies may form the basis of an implied employment contract claim. *See Cummings I,* ¶¶ 20-33, 42-43. That the Sheriff sought to disclaim the due process requirements is immaterial because "[p]arties may not contract to abrogate statutory requirements and thereby contravene the public policy of this state." *Id.* at ¶ 43 (citing *Peterman v. State Farm Mut. Auto. Ins. Co.*, 961 P.2d 487, 492 (Colo. 1998)).

¶ 15 Accordingly, we decline the Sheriff's invitation to reconsider *Cummings I. See DeForrest*, 990 P.2d at 1142.

### III. Section 306(I)(4) of the Manual Does Not Effectuate Section 30-10-506's Specific Due Process Provisions

¶ 16 The Sheriff argues that the district court erred by instructing the jury to consider whether he complied with section 306(I)(4) of the Manual. Specifically, the Sheriff argues that section 306(I)(4) does not effectuate the specific due process requirements of section 30-10-506 because section 306(I)(4) addresses notice of an investigation, not notice of the "reason for the proposed revocation."

9

§ 30-10-506; *see also Cummings I,* ¶ 6.  We agree with the Sheriff and therefore reverse that portion of the judgment.

### A.    Preservation and Standard of Review

¶ 17    Cummings argues that the Sheriff failed to preserve the argument that the district court should not have submitted section 306(I)(4) to the jury, but the record belies that assertion.  As noted above, the Sheriff argued, unsuccessfully, that the district court should not include section 306(I)(4) in the jury instructions.  Accordingly, the Sheriff preserved this issue.  *See In re Estate of Owens,* 2017 COA 53, ¶ 21 ("Where an issue was brought to the district court's attention and the court ruled on it, it is preserved for appellate review; no talismanic language is required to preserve an issue.").

¶ 18    We review de novo whether a given jury instruction correctly states the law.  *Chapman v. Harner,* 2014 CO 78, ¶ 4.  Similarly, we review de novo (1) whether a district court properly applied the law of the case, *Hardesty,* 222 P.3d at 339, and (2) questions of statutory interpretation, *Wolf Ranch, LLC v. City of Colorado Springs,* 220 P.3d 559, 563 (Colo. 2009).

¶ 19    In interpreting a statute, we give the words and phrases of the

statute their plain and ordinary meanings according to the rules of

grammar and common usage.  *Jefferson Cnty. Bd. of Equalization v.*

*Gerganoff*, 241 P.3d 932, 935 (Colo. 2010).  We must read the

language at issue in the context of the statute as a whole and the

context of the entire statutory scheme, giving consistent,

harmonious, and sensible effect to all parts of a statute.  *Id.*

## B.    Analysis

¶ 20    Section 30-10-506 reads as follows:

> Each sheriff may appoint as many deputies as
> the sheriff may think proper and may revoke
> such appointments at will; except that a sheriff
> shall adopt personnel policies, including
> policies for the review of revocation of
> appointments.  Before revoking an
> appointment of a deputy, the sheriff shall
> notify the deputy of the reason for the
> proposed revocation and shall give the deputy
> an opportunity to be heard by the sheriff.

In *Cummings I,* the division concluded that this statute "grants two

unwaivable rights to the deputies: the right of notification 'of the

reason for the proposed revocation' of their employment, and 'an

opportunity to be heard by the sheriff' before their employment is

terminated."  *Cummings I,* ¶ 6.  The division also concluded that

11

sheriffs must adopt personnel policies, all of which may be nonbinding "except for the two statutory rights noted" in section 30-10-506. *Id.* Accordingly, the division affirmed the district court's decision to allow Cummings "to pursue an implied contract claim based on rights conferred in the Manual" that "effectuate the due process rights granted by section 30-10-506." *Id.* at ¶¶ 60-61.

¶ 21    The district court instructed the jury on two Manual provisions, section 306(I)(4) and section 306(M)(4). Section 306(I)(4) of the Manual specifies that

> [a] Notice of Complaint shall be prepared and provided to the accused member in any Internal Affairs Investigation (to include Fast Track investigations), immediately and in person by the supervisor or deputy inspector. A copy of the Notice of Complaint shall be provided to each member of the accused member's Chain of Command to include the Undersheriff and Sheriff. The notice shall include . . .
>     a. The allegations, and;
>     b. A list of possible Code of Conduct violations, and;
>     c. Any special procedures, and;
>     d. The member's rights and responsibilities relative to the investigation.
>     e. A signed and witnessed acknowledgment of receipt.

Section 306(M)(4) states, among other things, that "[t]he Sheriff shall notify a member of the reason for the proposed termination and give the member an opportunity to be heard." In ruling that section 306(I)(4) effectuated the specific due process rights granted by section 30-10-506 and thus should be submitted to the jury, the district court said,

> I do believe . . . the [jury] should be instructed with regard to [sections (I)(4) and (M)(4)]. And I understand the argument now of the [Sheriff] that [(I)(4)] just says notice of an investigation, but I also think that's part of the notice, part of the entire notice.

¶ 22 While section 306(I)(4) is clearly a notice provision, it does not address notice "of the reason for the proposed revocation," § 30-10-506, of a deputy's employment. Section 306(I)(4) addresses the notice sheriffs provide deputies of an *investigation* into alleged misconduct, which may or may not result in disciplinary action, let alone termination. And as the Sheriff points out, it would not be possible to notify a deputy of the reasons for his proposed termination before investigators have determined if the deputy should be terminated in the first place. That is especially true here, where some of the alleged untruthfulness that resulted in

Cummings' termination occurred during the investigatory process. Indeed, after the initial investigation, Cummings' proposed discipline was a demotion, not termination.

¶ 23     Thus, under a plain reading of the statute and Manual, we conclude that section 306(I)(4) does not effectuate the specific right granted by section 30-10-506.  Section 306(I)(4) grants deputies *additional* notice beyond what section 30-10-506 requires and, under *Cummings I*, the Sheriff could (and did) disclaim that this notice created any contractual right.  This reading "give[s] effect to every word and render[s] none superfluous because we 'do not presume that the legislature used language idly and with no intent that meaning should be given to its language.'" *Lombard v. Colo. Outdoor Educ. Ctr., Inc.*, 187 P.3d 565, 571 (Colo. 2008) (quoting *Colo. Water Conservation Bd. v. Upper Gunnison River Water Conservancy Dist.*, 109 P.3d 585, 597 (Colo. 2005)).  Our conclusion is also bolstered by the fact that section 306(M)(4) closely mirrors the language of section 30-10-506 and thus clearly effectuates the notice and hearing rights provided therein.

¶ 24     Cummings argues that section 306(M)(4) is not "uniquely important" and that, considering the Manual in its entirety, section

306(I)(4) is an integral part of procedural protections that effectuate the specific due process rights section 30-10-506 grants. But the statute does not require sheriffs to provide robust notice at all phases of a sheriff's internal disciplinary process; it merely requires that sheriffs — when they intend to revoke a deputy's appointment — notify the deputy of the reasons for that "proposed revocation" and provide the deputy an opportunity to be heard.

¶ 25    Cummings also argues that *Cummings I*'s use of the term "effectuate" suggests that multiple Manual provisions addressing due process broadly could form the basis of an implied contract claim beyond "only the right to notice and an opportunity to be heard." While the Sheriff certainly could have promulgated additional policies that effectuate the specific due process rights granted by section 30-10-506, including (but not limited to) policies addressing the form or timing of the notice of the proposed revocation or procedural rules concerning the termination hearing, section 306(I)(4), which deals exclusively with notice of an investigation, does not effectuate the *specific* notice right granted by the statute: "the sheriff shall notify the deputy of *the reason for the proposed revocation*." § 30-10-506 (emphasis added).

¶ 26    Accordingly, we conclude that, under *Cummings I,* the district court erred in instructing the jury to consider whether the Sheriff complied with section 306(I)(4) when determining whether he breached an implied contract with Cummings.  We therefore reverse the district court's judgment.

¶ 27    In light of our disposition, we need not address the Sheriff's remaining contentions.

## IV.   Conclusion

¶ 28    The judgment is reversed.

JUDGE DUNN and JUDGE PAWAR concur.